## HENRY RICE v. GEORGE W. INSKEEP, EXECUTOR OF THE ESTATE OF HIRAM IMUS, DECEASED.

TIME AND MODE OF REJECTING CLAIM BY EXECUTOR OR ADMINISTRATOR OF ESTATE.—Where, on the presentation of a demand against an estate, to the executor thereof, as provided in section one hundred and thirty-two of the Probate Act, the executor neglected to indorse thereon his allowance or rejection thereof, but held the same for more than ten days : *held,* that the claim only becomes a rejected claim on the expiration of said ten days.

FINDINGS—WHEN NOT DEFECTIVE.—Where the findings of the Court cover all the issues made by the pleadings, they are not defective within the meaning of the one hundred and eightieth section of the Practice Act, whether supported by the evidence or not.

IDEM.—Where in such case a party is dissatisfied, he can only have a review of the evidence, to test its sufficiency to support such findings, by moving for a new trial.

FORM OF JUDGMENT AGAINST EXEUCTOR.—Where, after the rejection by the executor of a claim against the estate on which he is administering, the claimant sues the executor for its recovery, he is only entitled to a judgment which first ascertains the amount due, and adjudges the same to be a valid claim against the estate, and then provides that the same be paid by the defendant in due course of administration, upon which no execution can be awarded.

APPEAL from the District Court, Third Judicial District, Santa Cruz County.

This was an action to recover judgment against defendant as executor of the estate of Hiram Imus, deceased, upon a demand for two thousand six hundred and eighty-one dollars, alleged to have been incurred by said Hiram Imus in his lifetime, to plaintiff. The complaint alleged the presentation of said claim (which was in due form) by plaintiff to defendant, who at the time of said presentation was, and thereafter continued to be the executor, duly qualified

and lawfully acting, of the estate of said Hiram Imus, theretofore deceased. That said claim was so presented to said executor on the 8th day of May, 1865, who kept the same for more than ten days thereafter, and during said time neglected and refused to indorse thereon his allowance or rejection thereof, and that thereby he did reject the said claim and every part thereof.

This action was commenced August 14th, 1865. The trial of the cause was by the Court without a jury. The findings of fact by the Court were for the plaintiff, and covered all the issues presented by the pleadings. The plaintiff had judgment against defendant for the sum of one thousand two hundred and eighty-eight dollars, which was rendered in the usual form of a personal judgment.

The defendant thereafter filed certain exceptions to said findings, setting forth therein certain points, on which further findings were demanded, as well as the modification for alleged defects of those already filed. The Court rejected said exceptions, to which the defendant duly excepted, and appealed from said judgment, assigning said rejection of his said exceptions for error.

*S. F. & L. Reynolds*, and *J. H. Skirm*, for Appellant.

*J. P. Hoge*, for Respondent.

By the Court, SANDERSON, J.:

The point that it appears upon the face of the complaint that the action was not brought until more than three months after the rejection of the claim, is founded upon a mistake of counsel. The complaint was filed on the 14th of August, 1865. The claim was presented on the 8th day of May, 1865, but it was not rejected on that day, as counsel seem to suppose. On the contrary, the defendant retained the claim for more than ten days, refusing to indorse upon it either

his allowance or rejection. At the expiration of the ten days, the claim became a rejected claim by operation of law and not before. (Probate Act, Sec. 132.) So the rejection was not earlier than the 18th of May, and was therefore within the three months next preceding the commencement of the action. (Probate Act, Sec. 134.)

The findings, as delivered by the Court, seem to cover all the issues made by the pleadings. Such being the case, they cannot be defective within the meaning of the one hundred and eightieth section of the Practice Act, and the Court did not err in refusing to amend them. The matters which the defendant asked to have found are matters of evidence rather than verdict. They may tend to impeach the latter perhaps, but if the finding was contrary to the evidence, counsel should have moved for a new trial if he wishes to have the evidence reviewed.

The judgment, however, is not in proper form. It seems to be a personal judgment against the defendant, for the collection of which an execution is awarded. Such is not the proper form. The judgment should first ascertain the amount due and adjudge the same to be a valid claim against the estate, and then provide that the same be paid by the defendant in the due course of administration. No execution can be awarded. (Probate Act, Section 140.) The judgment must be modified so as to conform to the provisions of that section; and the Court below is directed to so modify it.

Mr. Justice RHODES expressed no opinion.