(February 15, 1886.)

## TOULOUSE ET AL. v. BURKETT.

[10 Pac. 26.]

EQUITABLE RELIEF—PROBATE PRACTICE.—In cases purely equitable, and in which purely equitable relief is sought, the cause of action set out in the complaint does not constitute a "claim" which must be presented to the administrator before an action can be maintained under section 138 of our Probate Practice Act.

FINDINGS NOT SUPPORTED BY EVIDENCE—REVIEWED BY APPELLATE COURT WHEN.—Errors in findings of fact on the ground that they are not supported by the evidence can only be reviewed in the appellate court on an appeal from an order overruling a motion for new trial.

PLEADINGS—CLAIM AGAINST ESTATE.—In actions against an estate it is not necessary to allege in the complaint that the "claim" sought to be collected has been presented to the administrator for his allowance.

Kingsbury & McGowan and Brumback & Lamb, for Appellant.

A complaint in an action against the administrator of an estate that does not allege that any claim for the amount demanded was presented to the administrator for allowance, and that it was rejected, and that action was commenced within the statutory period after rejection, should be dismissed, as stating no cause of action. (Prob. Prac. Act, secs. 131, 136; Rev. Stats., pp. 265, 267.) And if the question of failure to properly allege and prove these statutory steps is raised in the court below, and the objection is not met by amendment and proof, it is fatal to the action. (*Hentsch v. Porter,* 10 Cal. 558; *Coleman v. Woodworth,* 28 Cal. 569; *Bank v. Howland,* 42 Cal. 134.)

A. F. Montandon, for Respondents.

Findings cannot be impeached for being contrary to the evidence, except by motion for a new trial. (*Pico v. Cuyas,* 47 Cal. 178; *Rice v. Inskeep,* 34 Cal. 224.) The decree must stand unless the complaint will not support any judgment. (*Lamkin v. Sterling,* 1 Idaho, 120; *Smith v. Sterling,* 1 Idaho, 128; *Diehl v. Hull,* 1 Idaho, 352.) The nonpresentation of a claim against the estate of a deceased person to the administrator will not necessarily deprive the district court of jurisdiction over the same. (Organic Act, sec. 1868; *Hentsch v. Porter,* 10 Cal. 555; *Coleman v. Woodworth,* 28 Cal. 568; *Rosenberg v. Frank,* 58 Cal. 400.) An objection to the complaint that defeats only plaintiffs' present right to recover must be made in the court of original jurisdiction, during the term at which the judgment is rendered, and cannot be made in the appellate court for the first time. (*Hentsch v. Porter,* 10 Cal. 555; *Coleman v. Woodworth,* 28 Cal. 568; *Bank v. Howland,* 42 Cal. 134.)

BUCK, J.—The plaintiffs in this action were partners, doing business as miners, in Alturas county, in this territory, and the owners of certain mines mentioned in the complaint. On the fifteenth day of October, 1881, they executed and delivered to Nicholas Boucher, and to his heirs and assigns, a deed of the undivided one-third of said mines, in consideration of

$2,000. The said consideration was not paid at the time said deed was delivered to said grantee, but said indenture of deed contained the stipulation by the grantors that said grantee "agrees to work on said mines, without remuneration, until the same are sold or otherwise disposed of; and should the same be sold, or mineral extracted therefrom be sold, the grantors shall receive the said $2,000 consideration out of the first money received from said sales over and above the value of said services of grantee." The complaint alleges that said conveyance was made and delivered in pursuance of a contract of partnership between the grantors and grantee therein, whereby the partners were each to own one-third of said mines, and be equal partners in working the same; but through accident and mutual mistake, all of said parties being illiterate and of foreign birth, not understanding the English language, the intended contract of partnership, with condition to convey the one-third interest in said mines, was made to convey said interest absolutely, and without fully stating the terms and conditions of said partnership and of said conveyance; that said grantee received the benefits of said contract with plaintiffs on said mines, worked according to said agreement until August 24, 1882, when a contract of sale of said mines was made; that afterward, the said sale not being made, the plaintiffs and the grantee, Boucher, received $4,000 forfeit money therefrom, which sum was paid to said Boucher, and by him divided equally between them, the said Boucher retaining therefrom $1,333.33; that said forfeit was first paid to said Boucher, and one-third retained by him, against the protest of plaintiffs, who claimed the same as a part of the proceeds of the said mines which should be applied on the said purchase price of $2,000; that, after the receipt of said forfeit money, said Boucher refused and neglected to work on said mines, and left the same, and continued away therefrom until the first day of June, 1883, when he died, and defendant, Burkett, was duly appointed administrator of his estate. The complaint further alleges that the plaintiffs have performed their part of said agreement of sale and partnership, but that neither Boucher nor his representatives have performed their part thereof, but have refused so to do, and still refuse and neglect to fulfill the same; that at the date of the commencement

of this action there was five hundred and forty-six days' labor due from defendant on said contract. Wherefore plaintiffs pray that said deed be rescinded; that said contract be reformed to comply with the real understanding of the parties; that said defendant, as administrator of the estate of said Boucher, be decreed to reconvey said one-third interest to plaintiffs, and, in case said relief cannot be granted, the vendor's lien on said premises be foreclosed and sold to pay the amount ascertained to be due plaintiffs in consequence of a breach of said contract; that plaintiffs have a personal judgment against defendant for any deficiency; and for such further relief as may be agreeable to equity. The defendant answered the complaint, admitting that plaintiffs were the owners and in possession of said mines, as alleged in the complaint, by a failure to deny the same, and the making and delivery of said deed, but denies all the other material allegations of the complaint, and prays that the suit be dismissed at plaintiffs' costs. The case was tried by the court, and the findings of fact sustain the allegations of the complaint, with the exception of findings that there was no mistake in the execution of the said deed; that the plaintiffs were entitled to two-thirds of five hundred days' labor from said Boucher, or on his behalf, from said mines, and that the said labor is of the value of four dollars per day, amounting to $1,333.33.

As conclusions of law the court find: 1. "That two thousand dollars is due plaintiffs from said estate of Boucher, and is a lien upon the interest in said mine described in said deed"; 2. "The $1,333.33 due plaintiffs for labor, as aforesaid, is a part of the purchase price of said mine, and is a valid lien on the same"; 3. "That, by the commencement of this action, the plaintiffs elected to terminate the contract, and that they are not allowed any other or greater sum than is herein allowed for the failure to perform said contract"; 4. "That the $4,000 forfeit money was received by all the parties, and settled between themselves, and plaintiffs are not entitled to recover the same"; 5. "That upon the sale of the property by the administrator he should settle and discharge the costs of this action, and the sum of $1,-333.33 herein declared to be a lien upon said premises."

The defendant appeals from the judgment, and incorporates in the record a bill of exceptions. In the bill exception is

taken to several of the findings of fact by the court as being contrary to the evidence; but as no part of the evidence in the court below is brought up in the record, this court has no means of determining the correctness of the findings of fact. It is also well established that exceptions to findings of fact, on the ground that they are contrary to the evidence, can only be reviewed on a motion for new trial. (*Pico v. Cuyas,* 47 Cal. 174; *Rice v. Inskeep,* 34 Cal. 224; Code Civ. Proc., sec. 411; Hayne on New Trial and Appeal, sec. 96.)

The second point made in appellant's brief is that the complaint is not sufficient to sustain the judgment, in that it fails to allege that the claim of plaintiffs was presented to the administrator for his acceptance or allowance. (Prob. Act, sec. 128.) Upon this objection it has been held in the adjudicated cases that it is not necessary to allege the presentation and rejection of the claim, but that it may be proven on the trial without such allegation. (*Hentsch v. Porter,* 10 Cal. 555; *Coleman v. Woodworth,* 28 Cal. 568.) It is, however, admitted by respondent that no such evidence was in fact given, and it is insisted that the cause of action, as set out in the complaint, is not a "claim," in contemplation of the probate act.

In *Gray v. Palmer,* 9 Cal. 616, in which very elaborate briefs were prepared, and exhaustive arguments were made, to determine the signification of this term, as used in the statute identical with our own, the court say: "It would seem clear from the different sections of the act, construed together, as well as from the nature and reason of the case, that the words 'claimant' and 'claim' are used as synonymous with 'creditor', and 'legal demand for money.'"

In *Fallon v. Butler,* 21 Cal. 24, 81 Am. Dec. 140, a suit to foreclose a mortgage, Judge Field says: "The term 'claims' in the probate act only has reference to such debts or demands against the decedent as might have been enforced in his lifetime by personal actions for the recovery of money, and upon which only a money judgment could have been rendered."

The adjudicated cases, and the reason of the law, indicate the rule to be as suggested by Justice Field, above cited: that in cases purely equitable, or in which a purely equitable relief is sought, the cause of action set out in the complaint does not

constitute a "claim" which must be presented to the administrator, under section 138 of our Probate Act, before an action may be maintained.    This is held to be the rule in actions for the foreclosure of mortgages and liens where personal judgments over are not sought.

In the case at bar, the plaintiffs were in the possession of the property in dispute, and had a vendor's lien thereon, for the unpaid purchase price.    The real object of the suit was to foreclose this lien.    It is true, the plaintiffs demanded a personal judgment over against the administrator.    The test, however, is not what a litigant demands, but what he is entitled to receive.    His prayer for general relief enabled the court to grant such relief as was agreeable to equity.

The only remaining point is that the plaintiff Toulouse was permitted to testify, against the objection of defendant and contrary to section 898, subdivision 3 of our Code of Civil Procedure, as to the ownership and possession of the mines conveyed at the time the deed was made.    An inspection of the pleadings shows that such ownership and possession was alleged in the complaint, and not denied in the answer.    The testimony referred to could not have injured defendant, as it went to facts admitted in the pleadings.

We find no error in the trial below, and the judgment is affirmed.

Hays, C. J., and Broderick, J., concurring.

### PETITION FOR A REARGUMENT.

BUCK, J.—On February 15th, the decision of the court herein was announced, confirming the judgment appealed from. On the 23d the appellant filed his petition for a reargument. As a basis for the petition, it is set out that the court was mistaken in stating that the allegation of ownership and possession of the premises in dispute set out in the complaint was admitted in the answer, by a failure of defendant to deny the same, and on the further ground that the cases of *Gray v. Palmer,* 9 Cal. 616, and *Fallon v. Butler,* 21 Cal. 24, 81 Am. Dec. 140, are practically overruled in *Ellis v. Polhemus,* 27 Cal. 354, and in *Pitte v. Shipley,* 46 Cal. 162.    The allegation

of ownership and possession of the premises in dispute are denied in terms, but admitted in fact in the answer. The defendants allege in their answer that the quitclaim deed set out in the complaint contained the exact understanding of the parties, and that there was no mistake or misunderstanding. If this be true, the defendants stand in the relation of vendee of the plaintiffs, the vendors in the deed. This action is brought to foreclose the vendor's lien for alleged unpaid purchase money. In such an action the vendee is estopped from denying his vendor's title. While in some actions the vendee may dispute his vendor's title, the doctrine is (Bigelow on Estoppel, 415) "that, until the grantee has paid for the land, he holds, in respect to the payment, a relation of duty to the grantor similar to that of tenant and landlord. The grantee cannot escape the payment of the purchase price by disclaiming the title of his grantor." In the case at bar the defendant admits that whatever rights he has to the premises he has by virtue of purchase from plaintiffs, and in an action to foreclose the vendor's lien for purchase price, admitting as he does the purchase, the issue is, is there purchase money due? He cannot disavow his vendor's title on that issue. (Bigelow on Estoppel, 414.) The effect, therefore, of the defendant's answer is to deny the plaintiffs' allegation of ownership in form, and to admit it in fact.

It is claimed in the petition, also, that the California cases cited in support of our decision as to the word "claim" have been substantially overruled in later cases. In support of this statement the petitioner cites *Ellis v. Polhemus,* 27 Cal. 354, and *Pitte v. Shipley,* 46 Cal. 162. The signification of this term has been under discussion in the California courts since 1858; commencing with *Gray v. Palmer,* 9 Cal. 616, and continued in *Fallon v. Butler,* 21 Cal. 24, 81 Am. Dec. 140; *Ellis v. Polhemus,* 27 Cal. 354; *Christy v. Dana,* 34 Cal. 553; *Sichel v. Carillo,* 42 Cal. 505; *Pitte v. Shipley,* 46 Cal. 155; and *Estate of McCausland,* 52 Cal. 568. Much that has been said in the discussions of this question has been outside of the issues. We find in them nothing to change our opinion upon this question at issue. It is evident that the courts of that state do not understand that the cases referred to have been overruled. In

*Estate of McCausland,* above cited, the court say: "In *Fallon v. Butler,* Mr. Chief Justice Field said: 'Whatever signification there may be attached to the word "claim," standing by itself, it is evident that in the Probate Act it has reference to such debts or demands against the decedent as might have been enforced against him in his lifetime, by personal action, for the recovery of money, and upon which only a money judgment could have been rendered.'" This definition, they say, "in our opinion, is correct."

We are unable to see that any benefit would arise by a reargument of the case, and the prayer of the petitioner is therefore denied.

Hays, C. J., and Broderick, J., concurring.