THE TRAVELLERS INSURANCE COMPANY V. CLINTON
L. CALDWELL, *as Assignee, et al.*

No. 10470.

ASSIGNMENT FOR BENEFIT OF CREDITORS—*what essential to en-
able creditor to follow money as trust fund in assignee's
hands.* To render an assignee liable to account to a party who
had placed money in the hands of his assignor as a trust fund, it
must appear either that the fund actually passed into the hands
of the assignee, or that property into which it can be traced passed
to his hands, or, if so commingled with the general assets of the
assignor as to be incapable of identification or tracing, that the
estate which did pass to the assignee was augmented or bettered
thereby; and the use of the trust money by the assignor in the
payment of his debts and to defray the current expenses of his
business, cannot be held an augmentation or betterment of his
estate, when all the assets passing to the assignee existed as the
property of the assignor prior to the receipt of the trust money by
him.

Error from Labette District Court.    J. D. McCue,
Judge.    Opinion filed March 5, 1898.    *Affirmed.*

*G. S. King,* for plaintiff in error.

*Webb & Iden,* for defendants in error.

DOSTER, C. J.    Angell Matthewson & Co. a firm of
real estate loan and collection agents, made an as-
signment to the defendant in error, Clinton L. Cald-
well, as assignee, for the benefit of their creditors.
One of the creditors was the plaintiff in error, the
Travellers Insurance Company.    They were indebted
to it for collections made on its loans and from the
tenants of its lands.    It was claimed by the plaintiff
in error that according to the course of dealing be-
tween the parties these collections should have been
remitted immediately upon their receipt, but that this
was not done then or at any time thereafter.    After
the assignment, suit was brought to declare a trust,

in Matthewson & Co. and the assignee, for the plaintiff in error in respect to these collections, and for an order upon the assignee to pay the amount as a preferred claim. The District Court gave judgment for the assignee, and the plaintiff brings the case to this court for review. Findings of fact were made, a part only of which it will be necessary to notice. These are as follows:

"10. No part of the estate received by the assignee was purchased or obtained by said Matthewson & Co. from the proceeds of the collections hereinbefore referred to.

"11. All the assets of said firm coming into the hands of the defendant as assignee were owned by said firm prior to receiving any of the moneys on the collections hereinbefore referred to.

"12. The moneys so collected for said plaintiff by said Matthewson & Co. were used by said firm in payment of debts and expenses of said firm."

"14. The plaintiff's said claim for $1317.19 and $1259.83, aggregating $2577.02, for moneys collected and received by Matthewson & Co. as hereinbefore found, were duly presented to the defendant assignee for adjustment and allowance at the time and place advertised and were then and there adjusted and allowed by said defendant assignee as trust claims."

The first three of these findings bring the case within the rule of *Burrows v. Johntz,* (57 Kan. 778, 48 Pac. 27). It was held in that case that, "to render an assignee liable to account to a party who had placed money in the hands of his assignor as for a trust fund, it must appear either that the fund actually came into the hands of the assignee, or that it went to swell the estate of the assignor, which he in fact received." According to the above findings, the assignor did not come into the possession of the moneys received on the collections in question, nor into the possession of any property into which the proceeds of

such collections went. The fact, as shown by the twelfth finding, that the collections were used by Matthewson & Co. in the payment of debts and expenses, does not suffice, in view of the other findings, to charge the estate with a trust in the hands of the assignee. The fund itself, or something into which it has gone and which stands as its representative, must be on hand, subject to identification, and separable from the general assets, in order to charge the assignee with the trust; or, if the fund has been so commingled with the general assets as to be incapable of identification or tracing, the estate which came to the assignee must have been augmented or bettered, in an appreciable and tangible way, in order to charge it with the trust. The mere saving of the estate by the discharge of general indebtedness otherwise payable out of it, or by the payment of the current expenses of the business, is not an augmentation or betterment of the estate, within the meaning of the rule. If the estate has not been increased by specific additions to it, or if what previously existed has not been improved or rendered more valuable, it has not been impressed with the trust claimed.

The cases of *Myers v. Board of Education* (51 Kan. 87, 32 Pac. 658), and *Hubbard v. The Irrigation Co.* (53 Kan. 637, 36 Pac. 1053), are cited as sustaining a contrary view. We are of the opinion that these cases have carried the doctrine of the impressibility of insolvent estates with trusts to the full length, but a majority of the court also believe that they are to be distinguished from this case rather than criticised as containing any error of decision. It is true that in the first of these cases it was found that the trust money "had been mingled with the general funds of the bank, and used in the ordinary course of its business and the payment of its debts," and that in the

last case it was found that the trust money "was wrongfully mingled with the funds of the bank, and used in the usual and ordinary course of the banking business"; but in neither of these cases was it found that the use of the trust money did not go to the augmentation or betterment of the estate. Such in effect was found in this case by the tenth and eleventh findings above quoted. In these findings it was specifically declared that none of the estate received by the assignee was purchased or obtained from the proceeds of the collections in question, but that all of such estate had an existence as the property of the assignors prior to the making and conversion of such collections. It may be assumed, where trust moneys are used in the payment of the indebtedness of the trustee and in the prosecution of his current business, that his estate is augmented or bettered thereby, whether such moneys can be traced into any specific property or not; but the findings in this case preclude the making of such assumption.

It is claimed that under the facts of the fourteenth finding the assignee is estopped to dispute his liability as a trustee in respect of the plaintiff's claim; that having adjusted or allowed it as a trust claim, it must be paid by him as such. In the recent case of *Matthewson v. Caldwell*, ante, p. 126, 52 Pac. 104, we held that under the statute an allowance of a claim by an assignee was binding upon him and could not thereafter be questioned by him in a collateral proceeding. However, an adjudication of the trust character of a claim, and in consequence its preference over others in the distribution of the fund, might not estop the assignee as does an adjudication of the existence and amount of such claim; but whether such is the case we need not inquire. An examination of the record shows that the fourteenth finding is wholly

unsupported by the evidence. The allowance of the claim as a trust demand was averred in the petition but denied in the answer, and the evidence fails to show that it was even allowed at all by the assignee. The following is all the record contains upon the subject: "It is admitted that the claims and accounts sued upon by the plaintiff in this action were presented to defendant assignee on day of adjustment, to wit, December 15, 1893, for adjustment and allowance on said day." What disposition was made of the claim by the assignee is nowhere shown.

The judgment of the court below is affirmed.

DOSTER, C. J., (concurring specially.) I concur in the decision of this case and in all that is said in the opinion except that part of it which declares adhesion to the case of *Myers v. Board of Education*, 51 Kan. 87, and *Hubbard v. The Irrigation Co.*, 53 id. 637, and which attempts to distinguish between this case and those. I think they were wrongly decided.