THE KANSAS STATE BANK v. THE FIRST STATE
BANK *et al.*

No. 334.*    (61 Pac. 868.)

TRUST FUND—*Case Followed.*    The case of *Insurance Co. v. Cald-
well,* 59 Kan. 156, 52 Pac. 440, cited and followed.

Error from Marion district court; O. L. MOORE,
judge.    Opinion filed July 30, 1900.    Affirmed.

*W. H. Carpenter,* for plaintiff in error.
*King & Kelley,* for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : This proceeding is commenced in
this court to procure a reversal of the judgment of the
district court of Marion county, refusing to direct the
receiver of the First State Bank of Marion, Kan., to
pay to the plaintiff in error its claim against said First
State Bank as a trust fund.

The plaintiff in error was the owner of a check for

---

*Petition for order to certify allowed by supreme court September
22, 1900.—REP.

$1400 drawn by H. M. Thorp upon the Bank of Commerce, payable to the order of J. H. Winkley, and indorsed to plaintiff in error. The check was sent by the plaintiff in error through its Kansas City agent, the Citizens' National Bank of Kansas City, Mo., to the First State Bank of Marion, Kan., for collection. The said First State Bank presented the check to the Bank of Commerce and accepted as payment therefor its cashier's check given the day before for checks drawn upon it, and for the checks that day drawn upon it and paid by said Bank of Commerce. Said First State Bank failed to make a remittance of the amount of money called for by the $1400 check, and shortly after was closed by the state bank commissioner and S. Burkholder was appointed receiver of said bank.

The main question for our consideration is whether the proceeds of the check became a trust fund and passed into the hands of the receiver impressed with the trust. The First State Bank received the check for collection, and it was clearly its duty to present the check to the Bank of Commerce and demand the payment thereof, and, if payment had been made, to remit the amount to the Kansas City bank; and if payment had been refused to protest the same for nonpayment. The relation between the parties was that of principal and agent, and not of debtor and creditor. Neither the Bank of Commerce nor the Kansas City bank willingly became the creditor of the First State Bank. The First State Bank wrongfully paid its own debts with the check instead of demanding the money. Applying the doctrine laid down in *Peak v. Ellicott, Assignee,* 30 Kan. 156, 1 Pac. 499; *Myers v. Board of Education,* 51 Kan. 87, 32 Pac. 658; *Hubbard v. Irrigating Co.,* 53 Kan. 637, 36 Pac. 1053, 37 Pac. 625, the estate is liable for the payment of this claim as a

Bank v. Bank.

trust for the reason that the trust fund "had been mingled with the general funds of the bank and used in the ordinary course of its business, and the payment of its debts." However, if we consider the judgment of the trial court as a finding of all the facts in favor of the defendants in error, then there is a finding that the check was used in the payment of debts and that the estate which went into the hands of the receiver was not bettered or augmented thereby. Applying the doctrine laid down in *Insurance Co. v. Caldwell*, 59 Kan. 156, 52 Pac. 440, to the facts in this case as shown by the above finding, we must hold that the estate is not liable for the payment of the trust fund. It is there said : "The mere saving of the estate by the discharge of general indebtedness otherwise payable out of it, or by the payment of the current expenses of the business, is not an augmentation or betterment of the estate, within the meaning of the rule. If the estate has not been increased by specific additions to it, or if what previously existed has not been improved or rendered more valuable, it has not been impressed with the trust claimed."

The judgment of the district court is affirmed.