Points Decided.

(April 20, 1921.)

FRANK MARTIN, Administrator of the Estate of N. C. HIATT, Deceased, Respondent, v. A. W. SMITH, Administrator of the Estate of F. H. LEMON, Deceased, Appellant.

[197 Pac. 823.]

EXECUTORS AND ADMINISTRATORS—PRESENTATION OF CLAIMS—IDENTIFICATION OF TRUST FUNDS—PLEADING AND PRACTICE.

1. An action to recover a trust fund from an administrator of an estate of a deceased person is not an action upon a claim against the estate. The presentation of a "claim" to the administrator is not required, and C. S., secs. 7588 and 7590, have no application in such cases.

2. A *cestui que trust* may follow a trust fund so long as it may be identified, either in its original or a substituted form; if the fund is merged into a mass of which it forms a component part, equity will afford relief by creating a charge or lien upon such mass to the extent that the trust fund has entered into it.

3. The right to recover a trust fund has its basis in the right of property and not upon a right of preference by reason of unlawful conversion.

4. A trust fund is dissipated when it can no longer be traced. A *cestui que trust* is not entitled to a preference lien upon the assets of the estate of the trustee on the ground that it may have been indirectly increased as a result of the process of dissipation of the trust fund.

5. When a *cestui que trust* can no longer trace his trust funds, but must recover out of the trustee's general estate, he is in the position of a general creditor of the estate.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

2. Right to pursue and recover trust funds, see notes in 32 **Am. St.** 125; 46 **Am. St.** 608.

Liability of personal representative where trust property held by decedent comes into his hands, see note in 19 **Ann. Cas.** 563.

Action for an accounting. Judgment for plaintiff. *Reversed.*

J. B. Eldridge and John Jackson, for Appellant.

Under secs. 7581, 7582, 7588 and 7590, C. S., it would be necessary for plaintiff to present his claim to the administratrix of the estate of F. H. Lemon, deceased, before he could recover or maintain his action in the case at bar. (*United States v. Hailey,* 2 Ida. 22, 3 Pac. 263; *McKay v. Joy,* 2 Cal. Unrep. 639, 9 Pac. 940; *Verdier v. Roach,* 96 Cal. 467, 31 Pac. 554.)

A clear distinction is made between an action to recover specific property which can be followed in its original state and which can still be "ear-marked" and an action for the recovery of the value of property which cannot be so traced or "ear-marked." In this case plaintiff is not seeking to recover property of the partnership which is "ear-marked" and can be traced in its original form, but to recover funds from the administrator of the estate of F. H. Lemon, deceased, in lieu of funds which were paid out by Lemon. (*Roach v. Carraffa,* 85 Cal. 436, 25 Pac. 22.)

"No recovery can be had in action against executor unless claim be duly presented, and this rule applies equally to action commenced against an executor and one pending at death of his testator." (*Estate of Page,* 50 Cal. 40; *Frazier v. Murphy,* 133 Cal. 91, 65 Pac. 326.)

Martin & Martin, for Respondent.

This not being a claim against, or one sought to be paid out of, the assets of the decedent's estate, no presentation of the claim was necessary, and the statute has no application. (*Franklin v. Trickey,* 9 Ariz. 282, 80 Pac. 352.)

A purely equitable action where equitable relief alone is sought does not constitute a "claim" which must be presented to the administrator before an action can be maintained thereon. (*Toulouse v. Burkett,* 2 Ida. 184, 10 Pac. 26.)

A surviving partner cannot use the share of the partnership assets belonging to his deceased partner for the purpose of paying obligations due to himself individually or for paying obligations upon which he is personally liable. (*Moffatt v. Thomson*, 5 Rich. Eq. (S. C.) 155, 57 Am. Dec. 737; 2 Lindley on Partnership, p. 1303; *Big-Four Implement Co. v. Keyser*, 99 Kan. 8, 161 Pac. 592, L. R. A. 1917C, 166.)

RICE, C. J.—This is an action for accounting brought by respondent as administrator of the estate of N. C. Hiatt, deceased, against F. H. Lemon, surviving partner of the firm of Hiatt-Lemon. Lemon answered, and thereafter died during the pendency of the action. The action was continued in the name of his personal representatives. After the death of Lemon a stipulation was filed setting forth the facts. No other evidence was received. It was stipulated that Lemon, as surviving partner, paid a note given by Hiatt, and which he had signed as surety, amounting to $2,561.50, out of the funds of the copartnership, and that in making settlement as surviving partner he had deducted the amount so paid from N. C. Hiatt's share of the proceeds of the copartnership. It was also agreed that the administratrix of the estate of Lemon had settled and adjusted all items growing out of the closing of her copartnership business, except the item of $2,561.50 paid on the note as aforesaid.

Appellant contends that the stipulation of facts supersedes the pleadings, and that appellant is not bound by admissions in his answer where the stipulation of facts is inconsistent with the admissions. This contention is made in connection with the question of the interest of the copartners in the partnership property. A decision of the question, however, is not required, for it is agreed by the stipulation of facts that the amount paid on the note had been deducted from Hiatt's share of the proceeds of the copartnership. It is therefore immaterial whether his share was one-half or some other fractional portion of the partnership assets.

Lemon, as surviving partner, did not have the right to pay Hiatt's individual debt out of the partnership funds. Hiatt's individual debts should have been presented to his administrator and settled in the course of administration of his estate.

It was stipulated that the respondent did not present his claim to the administratrix of the estate of Lemon.

C. S., sec. 7590, reads as follows:

"If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentations required."

Respondent contends that he is not asserting a claim against the estate of Lemon, but brought the action to recover a trust fund which is not and has never been a part of the estate of Lemon. An action to recover a trust fund from an administrator of an estate is not an action upon a claim against the estate, and C. S., secs. 7588 and 7590, with reference to the presentation of claims do not apply. (*Toulouse v. Burkett,* 2 Ida. 184, 10 Pac. 26.)

The rule with regard to tracing of trust funds is well expressed in the case of *Ferchen v. Arndt,* 26 Or. 121, 4 Am. St. 603, 37 Pac. 161, 29 L. R. A. 664, as follows:

"This equitable doctrine is put upon the ground that the real owner has the right to retake and reclaim his property, through all its transformations and forms, so long as it may be traced, whether its identity is preserved or is merged into a mass of which it forms a part. To accomplish this end, when such trust property has been mingled into a mass of which it forms a part, but its identity is lost, equity affords relief by creating a charge or lien upon such mass for its ascertainable value. The right to such relief has its basis in the right of property, and 'simply asserts,' as Andrew, J., says, 'the right of the true owner to his own property.' (*Cavin v. Gleason,* 105 N. Y. 262, 11 N. E. 504.)"

The opinion in the case of *Nonotuck Silk Co. v. Flanders,* 87 Wis. 237, 58 N. W. 383, contains the following:

"In speaking of following trust moneys into other property, it is stated in one of the New York cases cited that 'the right has its basis in the right of property.' It never was based upon the theory of preference by reason of an unlawful conversion. This is made clear by a recent and well-considered opinion by the supreme court of Rhode Island. (*Slater v. Oriental Mills,* 18 R. I. 352, 27 Atl. 443.)"

This is in substance the rule as announced by this court in the case of *Bellevue State Bank v. Coffin,* 22 Ida. 210, 125 Pac. 816, which was followed and approved in *Russell v. Bank of Nampa, Ltd.,* 31 Ida. 59, 169 Pac. 180. The court in the case of *Bellevue State Bank v. Coffin, supra,* distinguished the case of *State v. Bruce,* 17 Ida. 1, 102 Pac. 831, and limited its application to the case of a deposit of public funds in a bank in violation of a statute. (See, also, *Lowe v. Jones,* 192 Mass. 94, 116 Am. St. 225, 7 Ann. Cas. 551, 78 N. E. 402, 6 L. R. A., N. S., 487; *Travelers' Ins. Co. v. Caldwell,* 59 Kan. 156, 52 Pac. 440; *Lathrop v. Bampton,* 31 Cal. 17, 89 Am. Dec. 141; *Bradley v. Chesebrough,* 111 Iowa, 126, 82 N. W. 472; *Nonotuck Silk Co. v. Flanders, supra.*)

In the case of *Bradley v. Chesebrough, supra,* it is said: "That plaintiff was a trust creditor does not, of itself, entitle him to preference over general creditors. To obtain that right he must show, by presumption of law or otherwise, that his fund has been preserved in the hands of the assignee, as an increase of the assets of the estate, from which it may be taken without impairment of the rights of general creditors."

The stipulation of facts in the case at bar failed to bring respondent's claim within the rule. The partnership fund in the hands of Lemon was not traced to the possession of the administratrix, either in its original form or mingled with the funds of Lemon. It is not enough that the estate of Lemon may have been indirectly increased by reason of his having used the trust fund to pay his own debts. So

far as the facts disclose, respondent occupied the position of a general creditor of the estate of Lemon. Not having presented his claim to the administratrix, section 7590, *supra,* prevents recovery.

The judgment is reversed. Costs awarded to appellant.

Budge, McCarthy, Dunn and Lee, JJ., concur.