(December 30, 1925.)

SAMUEL COX, Appellant, v. ST. ANTHONY BANK AND TRUST COMPANY, a Corporation, and E. W. POR-TER, Commissioner of Finance of the State of Idaho, Respondents.

[242 Pac. 785.]

STATUTES—CONSTRUCTION—TRUSTS—RELATION — BANKS AND BANKING —INSOLVENT BANK — RECEIVER—TRUST FUND—RECOVERY—TRAC-ING—NECESSITY—TRUST CREDITOR.

1.   In construing a statute, it is to be presumed that no change in the common law was intended, unless the language employed clearly indicates such an intention.

2.   On the establishment of a trust, the ordinary relation of debtor and creditor does not exist. The owner, tracing the fund to the possession of another has a right to have it restored, not as a debt due and owing, but because it is his property wrong-fully withheld from him.

3.   A depositor cannot recover a trust fund from the receiver of an insolvent bank, unless he traces it into the receiver's hands.

4.   The fact that one is a trust creditor does not of itself en-title him to preference over general creditors of an insolvent bank.

———

1.   See 25 R. C. L. 1054.
3.   See 3 R. C. L. 552, 554.
4.   Trust fund deposit in bank as preferred claim, see note in Ann. Cas. 1913D, 391. See, also, 3 R. C. L. 555.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. George W. Edgington, Judge.

Action to compel classification of claim against insolvent bank under Sess. Laws 1921, c. 42, sec. 13, subd. 2. Judgment for defendants. *Affirmed.*

Geo. H. Lowe, for Appellant.

"Moneys received by a bank to be applied as payments on a particular debt, or to be remitted to some creditor of the person paying such sums, are regarded as trust funds, and a claim therefor is ordinarily entitled to preference over the claims of general creditors in the distribution of the assets of the insolvent bank." (*Whitcomb v. Carpenter,* 134 Iowa, 227, 111 N. W. 825, 10 L. R. A., N. S., 928.)

"Where trust funds are commingled with other funds, and there remains continuously in such commingled fund an amount in cash equal to the amount of the trust fund, the trust obligations are payable out of the commingled fund." (*State v. City of Centralia,* 93 Wash. 401, 161 Pac. 74; *Carlson v. Kies,* 75 Wash. 171, 134 Pac. 808, 47 L. R. A., N. S., 317.)

Where there is a special deposit of money no title thereto passes to the bank but it is a trust fund and in case of insolvency of the bank may be recovered. (3 R. C. L. 558, 26 R. C. L. 1357; *Smith v. Fuller,* 86 Ohio St. 57, Ann. Cas. 1913D, 387, 99 N. E. 214, L. R. A. 1916C, 6; *State v. Grills,* 35 R. I. 70, 85 Atl. 281; *People v. City Bank,* 96 N. Y. 32; *Capitol Nat. Bank v. Coldwater Nat. Bank,* 49 Neb. 786, 59 Am. St. 572, 69 N. W. 115; *Fralick v. Coeur d'Alene Bank & Trust Co.,* 36 Ida. 108, 210 Pac. 586; *Shopert v. Indiana Nat. Bank,* 41 Ind. App. 474, 83 N. E. 515; *Pacific Bldg. & Loan Assn. v. Central Bank & Trust Co.,* 127 Wash. 524, 221 Pac. 313.)

Roy L. Black, for Respondents.

It is necessary for one claiming a trust to trace the fund or proceeds into the hands of the receiver. (*Bellevue*

*State Bank v. Coffin,* 22 Ida. 210, 125 Pac. 816; *Travellers' Ins. Co. v. Caldwell,* 59 Kan. 156, 52 Pac. 440; *Russell v. Bank of Nampa,* 31 Ida. 59, 169 Pac. 180; *Lusk Dev. Co. v. Glinther* (Wyo.), 232 Pac. 518; *Arnold Investment Co. v. Citizens' State Bank of Chautauqua,* 98 Kan. 412, 158 Pac. 68; *City of Spring Hill v. Paxton,* 115 Kan. 412, 223 Pac. 283; *Empire State Surety v. Carroll County,* 194 Fed. 593, 114 C. C. A. 435; *Beard v. Independent Dist.,* 88 Fed. 375, 31 C. C. A. 562; Michie on Banks and Banking, p. 1428; *Slater v. Oriental Mills,* 18 R. I. 352, 27 Atl. 443; *Nelson v. Paxton,* 113 Kan. 394, 214 Pac. 784; *Nonotuck Silk Co. v. Flanders,* 87 Wis. 237, 58 N. W. 383; *Steele v. Citizens' Bank,* 116 Kan. 510, 227 Pac. 352; *State v. Bank of Commerce,* 54 Neb. 725, 75 N. W. 28; *Spiropolos v. Scandinavian Bank of Tacoma,* 116 Wash. 491, 199 Pac. 997; *Boone County Nat. Bank v. Latimer,* 67 Fed. 27.)

TAYLOR, J.—Plaintiff, appellant, brought this action against the St. Anthony Bank and Trust Company, an insolvent bank, and the state commissioner of finance, to compel classification of a claim against the bank under Sess. Laws, 1921, c. 42, sec. 13, subd. 2; "Debts due by the bank or trust company as trustee or other fiduciary, or other claims of like character," instead of the classification given it by the commissioner under subdivision 3, "Debts due depositors," etc. This is an appeal from a judgment affirming the decision of the commissioner.

Appellant specifies as error that the evidence was insufficient to support the findings and judgment of the court that the deposit was general, and that the court erred in not making findings of fact and rendering judgment in his favor.

On October 4, 1919, plaintiff deposited $10,500 in the bank, which failed November 20, 1922. He contends that by agreement, $10,000 of this was deposited to be invested by the bank for him in warrants, and $500 placed to his checking account, and that the $10,000 constituted a trust fund, a deposit for a special purpose. The money was commingled by the bank with its general deposits. The lower

court found that the money was a general deposit, and not a deposit for a special purpose, and did not constitute a trust fund. It will serve no useful purpose to discuss the evidence as to this alleged trust fund being such, as a deposit for a special purpose, for the evidence is wholly lacking in tracing the fund or any part of it into the existing assets of the bank or the assets coming into the hands of the commissioner of finance.

Sess. Laws 1921, c. 42, sec. 13, subd. 2, provides for classification of "debts due by the bank or trust company as trustee or other fiduciary, or other claims of like character," ahead of general depositors in class 3. Former decisions of this and other courts, setting forth the principles governing the tracing and recovery of a trust fund, in the absence of such statute, are of value in arriving at the legislative intent in its enactment, and what if any change was intended thereby.

"One of the recognized rules of construction of statutes is that we are to look to the state of the law when the statute was enacted in order to see for what it was intended as a substitute. No single statute should be interpreted solely by its own words." (25 R. C. L. 1052, sec. 277.)

"It is not to be presumed that the legislature intended to abrogate or modify a rule of the common law by the enactment of a statute upon the same subject; it is rather to be presumed that no change in the common law was intended, unless the language employed clearly indicates such an intention. It has been said that statutes are not presumed to make any alterations in the common law further than is expressly declared, and that a statute, made in the affirmative without any negative expressed or implied, does not take away the common law. The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language." (25 R. C. L. 1054, sec. 280.)

On the establishment of a trust, the ordinary relation of debtor and creditor does not exist, and prior to the enactment of this statute the fact that a failed bank owed one for dissipated or unidentified trust funds did not entitle

the *cestui que trust* to a preference. (*Lusk D. & I. Co. v. Günther* (Wyo.), 232 Pac. 518; *Covey v. Cannon,* 104 Ark. 550, 149 S. W. 514.) But a violation of trust gives rise to the right to impress a trust on the property of the trustee.

"The true owner of a fund traced to the possession of another has a right to have it restored, not as a debt due and owing, but because it is his property wrongfully withheld from him." (3 R. C. L. 552, sec. 180.)

This court held in *Fidelity State Bank v. North Fork Highway Dist.,* 35 Ida. 797, 209 Pac. 449, 31 A. L. R. 781, that it would be unconstitutional to take trust property from the *cestui que trust* and give it to a creditor.

*Bellevue State Bank v. Coffin,* 22 Ida. 210, 125 Pac. 816, decided in 1912, in the absence of a statute such as Sess. Laws 1921, c. 42, and in accordance with the principles laid down in adjudicated cases, that a trust fund must be traced into the hands of a receiver in order to recover it as such. That decision was followed by *Blackman v. Pettengill,* 25 Ida. 307, 137 Pac. 182, wherein this court held that the provisions of the law as it then stood "are silent as to preferences among depositors, but class all depositors together; preferences or unequal advantages among depositors are not sanctioned, and . . . . the statute places all depositors in a class . . . . "

*State v. Bruce,* 17 Ida. 1, 134 Am. St. 245, 102 Pac. 831, L. R. A. 1916C, 1, in treating, however, of a general deposit of state funds in violation of law, with relation to the necessity of tracing trust funds and the proof necessary to show augmentation of the assets of the bank, said:

"We fail to see what difference it can make in point of fact, reason or law whether the money was used in buying bonds, mortgages and other paper to add to the general assets of the bank, or in discharging the debts of the bank. In either event, it adds to or appreciates the body and value of the bank's assets. If the money is used to-day to pay the bank's debts and it suspends business to-morrow, the indebtedness of the bank to-morrow will be just as much less than it would otherwise have been as the amount paid out represents."

In *Bellevue State Bank v. Coffin, supra,* the court expressly refused to follow that principle, saying: "We are inclined to think, however, that this rule is a little too broad to be applied to the facts involved in this case," and quoted with approval from *Travellers' Ins. Co. v. Caldwell,* 59 Kan. 156, 52 Pac. 440, as the rule properly applicable, as follows:

"The fund itself, or something into which it has gone, and which stands as its representative, must be on hand, subject to identification, and separable from the general assets, in order to charge the assignee with the trust; or, if the fund has been so commingled with the general assets as to be incapable of identification or tracing, the estate which came to the assignee must have been augmented or bettered in an appreciable and tangible way, in order to charge it with the trust. The mere saving of the estate, by the discharge of general indebtedness otherwise payable out of it, or the payment of the current expenses of the business, is not an augmentation or betterment of the estate, within the meaning of the rule. If the estate has not been increased by specific additions to it, or if what previously existed has not been improved or rendered more valuable, it has not been impressed with the trust claimed."

This court in *Martin v. Smith,* 33 Ida. 692, 197 Pac. 823, followed *Bellevue State Bank v. Coffin, supra,* and decided squarely that the fact that one is a trust creditor does not of itself entitle him to preference over general creditors; and that it is not enough that the trust property may have indirectly increased the trust estate by having been used to pay the debts of the trustee, quoting with approval from *Bradley v. Chesebrough,* 111 Iowa, 126, 82 N. W. 472, the following:

"That plaintiff was a trust creditor does not, of itself, entitle him to preference over general creditors. To obtain that right, he must show, by presumption of law or otherwise, that his fund has been preserved in the hands of the assignee, as an increase of the assets of the estate, from which it may be taken without impairment of the rights of general creditors."

*Lusk D. & I. Co. v. Günther, supra,* supporting the rule, further says:

"  .  .  .  .  When the means of ascertainment and identification fails, the trust itself fails, and there would be no justification in taking the property of others in order to satisfy the claim arising out of the trust."

To hold that the legislature, in adopting subdivision 2 of section 13, herein involved, intended to abrogate or change the rule of the common law with relation to the necessity of tracing a trust fund into the assets of the trustee and into property shown to have come into the hands of the commissioner, and that such funds augmented those remaining assets, would be to hold that the legislature, in derogation of the common law, intended to provide a preference, which, in the language of the Wyoming court quoted, finds "no justification" in the common law and rules of equity applicable in the absence of statute.

We conclude that this would not be a reasonable construction of the intention of the legislature. The plaintiff having wholly failed to establish by proof, or even to allege, the identity or amount of any property which came into the hands of the commissioner, or to trace or identify the proceeds of the trust fund, or in any way show its augmentation of any of the assets in the hands of the commissioner, the evidence was wholly insufficient to sustain a finding or judgment in favor of plaintiff.

The judgment is affirmed.  Costs awarded to respondents.

William A. Lee, C. J., and Wm. E. Lee, Budge and Givens, JJ., concur.