(March 26, 1918.)

COUNTY OF BLAINE, Appellant, v. JOSEPH FULD,
   E. W. KLEINMAN and WM. L. LEONARD, as Re-
   ceivers of IDAHO STATE BANK, E. B. JOHNSON,
   as Treasurer of Blaine County, Idaho, and SCHOOL
   DISTRICT No. 7, BLAINE COUNTY, IDAHO, Re-
   spondents.

[171 Pac. 1138.]

PUBLIC FUNDS—STATE DEPOSITORY LAW—DUTY OF COUNTY TREASURER
   —ATTEMPTED ILLEGAL WITHDRAWAL OF FUNDS — CLAIM FOR PREF-
   ERENCE.

1.   It is the duty of the county treasurer, under the provisions
of the state depository law, to deposit public funds in his control in
banks which have qualified as depositories, and he is forbidden to
withdraw sums so deposited except for the payment of warrants
legally drawn, or for the purpose of depositing the same according
to law in other banks likewise qualified, and the violation of these
requirements is made a felony. (Sec. 2019, Rev. Codes.)

2.   Where the proceeds of a school district bond sale were paid
to the county treasurer and by him deposited in a bank which had
complied with the provisions of the depository law, no part of the
fund could thereafter be legally withdrawn and redeposited in the
savings department of the same institution to the credit of the
clerk of the school district, and regardless of the acts and inten-
tions of the parties to such transaction the fund must be held to
have remained in the custody of the county treasurer.

3.   Money properly in the control of the county treasurer and
deposited in a depository bank according to law must be held to be
placed on general deposit in accordance with the provisions of the
depository law, and no effect can be given to an unlawful attempt
on the part of the county treasurer and county auditor to take
such funds out of the protection of the depository law and place
them on deposit in the same bank without the security of the
depository's bond.

[As to rights, duties and liabilities of depositories of public
funds, see note in **Ann. Cas.** 1916B, 1239.]

APPEAL from the District Court of the Fourth Judicial
District, for Blaine County. Hon. James R. Bothwell, Judge.

Action to have certain public funds decreed a trust fund and a preferred claim. Judgment for defendants affirmed.

Wyman & Wyman, for Appellant.

It is conceded that the deposit of $10,000 by the school district was wholly illegal and contrary to law; that all parties to the transaction knew the facts, and particularly is it true that the bank received the money with full knowledge of the facts and circumstances. The money so deposited became a trust fund under the repeated decisions of this court under similar facts. (*State v. Thum*, 6 Ida. 323, 55 Pac. 858; *First Nat. Bank v. Bunting*, 7 Ida. 27, 59 Pac. 929, 1106; *State v. Bruce*, 17 Ida. 1, 134 Am. St. 245, 102 Pac. 831, L. R. A. 1916C, 1; *Bellevue State Bank v. Coffin*, 22 Ida. 210, 125 Pac. 816.)

These decisions hold that where public moneys are illegally deposited in a bank, the latter having knowledge of the facts in regard thereto, such deposit becomes a trust fund and the right of preferential payment attaches to it.

Sullivan & Sullivan, for Respondents.

We admit that the illegal deposit created a trust fund and that if the school district was going to lose the same, on account of said illegal deposit, that it would have a right to have said fund declared a preference. The school district, if it lost its money, is the only one entitled to claim that the public funds were illegally deposited and therefore a preference. But we deny that the county has any right to claim a preference in said fund by reason of later acts of negligence of its treasurer. Admitting a trust fund does not necessarily admit that the county is a preferred creditor. Even if one is a trust creditor it does not follow that he is entitled to a preference over a general creditor; they are on a par unless the trust creditor still shows other equities entitling him to a preference. (*Cavin v. Gleason*, 105 N. Y. 256, 11 N. E. 504; *Officer v. Officer*, 120 Iowa, 389, 98 Am. St. 365, 369, 94 N. W. 947; *Bradley v. Chesebrough*, 111 Iowa, 126, 82 N. W. 472.)

BUDGE, C. J.—This is an action brought by Blaine county against the receivers of the Idaho State Bank, E. B. Johnson, as county treasurer, and School District No. 7 of Blaine county, to have certain public funds which were deposited in the bank decreed a trust fund and a preferred claim. The facts appear in the amended complaint to which a demurrer interposed by the receivers and the school district was sustained. This is an appeal from the judgment of dismissal.

It is alleged in the amended complaint that the bank was conducting a general banking business at Hailey and was the official depository for Blaine county. Johnson was county treasurer from January, 1909, to January, 1915. On September 25, 1909, the school district received $20,356, as the proceeds of a bond sale to build a schoolhouse. This money was paid to Johnson as treasurer, by him credited upon his official books to the bond fund of the school district and deposited in the bank. About December 11, 1909, the school district caused an order for a warrant to be drawn on Johnson, as treasurer, payable to H. C. Beamer, as clerk of the district, out of said bond fund for $10,000. This order was countersigned by the county superintendent and presented to the auditor, who drew a warrant for the amount upon the treasurer, payable to Beamer, as clerk of the school district, out of the bond fund, and this warrant was presented to Johnson as treasurer, who thereupon executed and delivered to Beamer a check for the amount, payable to Beamer as clerk, out of the bond fund. Beamer deposited the same in the savings department of the bank in the name of "H. C. Beamer, clerk of School District No. 7," under an agreement with the bank that he might draw checks against the fund for the use and benefit of the district and that the sum so deposited should draw interest for the use and benefit of the district.

It is further alleged in the amended complaint: "That the said check was received by the said Idaho State Bank with full notice and knowledge that the same and the money represented by it belonged to said School District No. 7 and did not belong to said H. C. Beamer or to said H. C. Beamer

as clerk of said school district, and that the same were received by said bank from and so deposited by said H. C. Beamer as clerk of said school district and not otherwise; and said check and the money represented by it was received by the said bank with full knowledge that said check and the money represented by it was drawn, presented and deposited under all the facts and circumstances as hereinbefore in this petition set forth, and that said deposit was not made pursuant to law nor was it at any time secured by any bond or other securities in any manner or at all.''

That about the 20th of August, 1910, the district caused a warrant to be drawn by the county auditor upon Johnson, as treasurer, for one Coxhead in payment of services rendered by him in connection with the building of the schoolhouse, in the sum of $2,844.02, properly payable out of the bond fund. The warrant and the order therefor were countersigned by the county superintendent, and Beamer, acting for the contractor, presented the warrant to Johnson, as treasurer, and received from him his check as county treasurer upon the bank as county depository, payable to Coxhead, which check was by the latter deposited in the bank to his own credit. At the same time Beamer drew a check upon the account of H. C. Beamer, clerk of School District No. 7 for a like sum, payable to Johnson, as treasurer. The latter check was not presented to the bank for payment and has never been paid.

That on August 31, 1910, the bank was closed by the State Bank Examiner and placed in the hands of a receiver.

It is further alleged that at the time the order and warrant for the $2,844.02 were drawn there were no funds on deposit by the county treasurer to the credit of the school district in its bond or building fund upon which the warrant was drawn, ''but that the said warrant was paid by said Idaho State Bank out of the general funds of Blaine county on deposit in said bank''; that no part of the same has ever been repaid to or received by Johnson or this appellant save the sum of $426. A demand has been made upon the receivers to have the amount due paid or listed as a preferred

claim, and a demand has been made upon the school district to take action against the bank and the receivers to collect and recover this sum as such preferred claim and to join appellant in so doing, but defendants have refused so to do. The prayer seeks to have the balance of $2,417.42 decreed a preferred claim against the cash and assets of the bank and that the district and Johnson, as treasurer, be required to set forth their rights and claims to the fund.

It is the contention of appellant that the $10,000 which was taken out of the school fund and placed to the account of Beamer as clerk of the district must be regarded as a special deposit of public funds within the meaning of the previous decisions of this court, for the reason that the same was not deposited in accordance with the county depository law nor protected in the manner therein provided; that the county was not estopped by the negligence of the county treasurer in failing to present the check given him by Beamer as clerk of the district.

On the other hand, respondents contend that inasmuch as the county would not be entitled to a preference if the $10,000 had remained on deposit in the school bond fund, it should have no greater rights by reason of the fact that the $10,000 was illegally deposited, in view of the further fact that the rights of general creditors and depositors will be to that extent impaired if the preference is allowed. That in accepting the check from Beamer as clerk of the district, Johnson, as treasurer, was acting in his official capacity and pursuant to the requirements of sec. 644 of the Revised Codes that "all moneys arising from the sale of said bonds must be paid forthwith into the treasury of the county"; that the action is, in fact, brought for the benefit of Johnson and his bondsmen, in order that they may escape liability arising from the fact that Johnson paid a warrant drawn on the school fund out of the general fund.

We are not in accord with the contentions of either the appellant or respondents. In fact, the deposit by Beamer of the $10,000 was not, as contended, an illegal deposit, but was no deposit at all. All of the parties to the transaction

had notice that the entire fund was a public fund, the deposit of which was provided for by law, that it had been deposited according to law and was protected by the bank's bond given in pursuance of the depository law. Whatever the actual intent of the parties may have been, the whole transaction amounted to an unlawful conspiracy, the object of which was to enable the district to obtain interest on the attempted withdrawal and deposit of the moneys placed to Beamer's credit on the books of the bank in direct violation of law. (Rev. Codes, secs. 644, 650, 1991 and 2013.) In contemplation of law the fund was not withdrawn from the control of the county treasurer and there was no time when the bank was not bound to recognize the control of the treasurer over the fund. In view of the knowledge of all the parties of the unlawful character of the transaction and that it was expressly prohibited by statute, the only thing accomplished was a mere entry on the books of the bank, and the bank cannot be heard to say that it had knowingly withdrawn the fund from the protection of its bond.

*State v. Thum*, 6 Ida. 323, 55 Pac. 858, and *First Nat. Bank v. Bunting*, 7 Ida. 27, 59 Pac. 929, 1106, were cases where public funds were attempted to be deposited in the bank on general deposit. The law declared the placing of public funds in a bank, otherwise than on special deposit or as otherwise authorized by law, to be a felony. The court held that notwithstanding the felonious intent of the state treasurer and the officers of the bank receiving the deposit, the law must prevail, and that in law the bank received the fund as trustee because it could only be received lawfully as a special deposit, and it was held that the state did not become a general creditor of the bank, for in that event the court would have to give effect to a violation of the statute.

In the present case it was made the duty of the county treasurer under the law to deposit public funds in his control in banks which have qualified as depositories, and he is forbidden to withdraw sums so deposited except for the payment of warrants legally drawn or for the purpose of depositing the same in accordance with the law in other banks

likewise qualified and the violation of these requirements is a felony. (Rev. Codes, sec. 2019.) Following the principle announced in the Thum case, we are led to the conclusion that in this case the law must prevail, and regardless of the acts and intent of the parties to this transaction, the fund must be held to have remained in the custody of the county treasurer and on general deposit to his credit under the protection of the bank's bond. If an attempted general deposit of such funds in a bank, when not authorized by law, becomes *ipso facto* a special deposit because the deposit of such funds otherwise would be in violation of the criminal statute, Rev. Codes, sec. 6975, as held in the Thum case and in the case of *In re Bank of Nampa,* 29 Ida. 166, 157 Pac. 1117, on the same reasoning it must necessarily follow that money properly in the control of the county treasurer, and deposited in a depository bank, must be held to be placed on general deposit in accordance with the provisions of the depository law, and no effect can be given to the unlawful attempt to take funds out from under the protection of the depository law and place them on deposit in the same bank without the security of the depository's bond. The failure of the treasurer to cash the check for $2,844.02, given him by Beamer, is a matter of no consequence, for to have done so would not have placed the money represented by the check under his control to any greater extent than it was.

The judgment is affirmed. Costs awarded to respondents.

Morgan and Rice, JJ., concur.