(April·30, 1918.)

H. MELGARD, Treasurer of the BOARD OF REGENTS OF THE UNIVERSITY OF IDAHO, Plaintiff, v. JOHN W. EAGLESON, Treasurer of the State of Idaho, and CLARENCE VAN DEUSEN, Auditor of the State of Idaho, Defendants.

[172 Pac. 655.]

AGRICULTURAL COLLEGE FUND—MINISTERIAL DUTY OF STATE TREASURER —STATE AUDITOR—VOID ACTS OF STATE OFFICERS.

1. By certain acts of Congress $50,000 is appropriated annually for the use and benefit of agricultural and mechanical colleges in each state and territory, the beneficiary institutions to be selected by the several states and territories. These acts provide that this sum shall be paid by the secretary of the treasury of the United States to the state treasurer, who shall, upon the order of the trustees of the college, immediately pay it over to the treasurers of the respective colleges or other institutions entitled to receive it. (U. S. Comp. Stats. 1916, sec. 8872.) This money cannot properly be placed, when received by the state treasurer, in the general fund of the state, as its exclusive supervision is vested in the trustees of the institution designated by the state legislature as the beneficiary entitled to receive it.

2. The state treasurer, to whom the fund is transmitted by the secretary of the treasury, is charged with the ministerial duty of immediately paying it over to the treasurer of the board of regents of the University of Idaho, upon its order, and the state auditor has no authority over, and no duty to perform with respect to it.

3. The acts of the defendants, state auditor and state treasurer, in attempting to place the money in the general fund of the state treasury, by making entries upon their books to that end, were mere nullities and did not affect its legal status.

Opinion of the Court—Budge, C. J.

Original proceeding to procure a Writ of Mandate. Writ granted.

Wm. Healy and J. R. Smead, for Plaintiff.

The fund in question is special and impressed with a trust, and neither it nor its income is a part of the general fund of the state. (*Yale College v. Sanger*, 62 Fed. 177.)

The control of the fund is vested in the supervisors of the institution and not in the legislature, which may not interfere in any way with the fund granted by Congress to a beneficiary which has been designated. (*State Board of Agriculture v. Auditor General*, 180 Mich. 349, 147 N. W. 529.)

The state treasurer could not change this trust fund into part of the general fund of the state by a mere bookkeeping transaction, and the state auditor has no function whatever to perform in the handling of the fund. (*Blaine County v. Fuld, ante,* p. 358, 171 Pac. 1138.)

T. A. Walters, Attorney General, and A. C. Hindman and J. P. Pope, Assistant Attorneys General, for Defendants, cite no authorities.

BUDGE, C. J.—This is an original proceeding for a writ of mandate to compel the defendants to pay over to the plaintiff the sum of $50,000 for the use and benefit of the University of Idaho and to compel them to correct the books and records of their respective offices by canceling thereon all entries showing the aforesaid sum to be a part of the general fund of the state of Idaho, and for general relief. The petition alleges in substance that the fund in question was paid by the United States to the defendant Eagleson, as state treasurer, on July 10, 1917, under the provisions of the act of Congress August 30, 1890, 26 Stat. 417, as amended by the act of Congress March 4, 1907, 34 Stat. 1256, providing for the appropriation from the public treasury of the United States of the sum of $50,000 annually for the more complete endowment and maintenance of each of certain designated classes of colleges, of which the University of Idaho is one.

That thereafter the board of regents duly made an order upon the treasurer that this sum be paid over to plaintiff in his official capacity. That on July 10, 1917, the defendant Van Deusen, as auditor, issued his certificate directing that the sum be deposited in the general fund; that the defendant state treasurer issued his official receipt for the sum and purported to deposit it in the general fund, and that the state auditor and treasurer respectively have carried the sum on their books as part of the general fund. That they have refused to pay the sum to the plaintiff or to correct their books in this respect and still carry the sum as a part of the general fund. That unless the fund be turned over to plaintiff as provided by the acts of Congress, the University will be unable to obtain any use or benefit of the same to its great and irreparable injury and detriment, and that plaintiff will be unable to report to the Secretary of Agriculture and the Secretary of the Interior a detailed statement of the disbursements of said sum as he is required to do by the acts of Congress.

Defendants have demurred to the petition on the grounds:

1st. That it does not state facts sufficient to entitle the plaintiff to the relief prayed;

2d. That it appears from the petition that the sum in question has been deposited in the general fund and that to grant the relief prayed for would be a violation of sec. 13, art. 7 of the constitution of the state of Idaho, which provides that no money shall be drawn from the treasury but in pursuance of appropriations made by law, and that it does not appear from the petition that any appropriation has been made therefor.

3d. That the petitioner has a plain, speedy and adequate remedy at law, in that if defendant Eagleson is withholding funds properly belonging to petitioner the same can be recovered in an action at law.

By three acts of Congress, namely: Act of July 2, 1862, U. S. Compiled Statutes 1916, sec. 8870; act of August 30, 1890, Id., secs. 8871 to 8876, inclusive; act of March 4, 1907, Id., sec. 8877, the sum of $50,000 is appropriated for the use

and benefit in each state and territory of agricultural and mechanical colleges, the beneficiary institutions to be selected by the several states. These acts provide that this sum shall be paid by the Secretary of the Treasury of the United States to the state treasurer " . . . . who shall, upon the order of the trustees of the college, . . . . immediately pay over said sums to the treasurers of the respective colleges or other institutions. entitled to receive the same, and such treasurers shall be required to report to the Secretary of Agriculture and to the Secretary of the Interior, on or before the first day of September of each year, a detailed statement of the amount so received and of its disbursement." (Act of August 30, 1890, c. 841, sec. 2; U. S. Compiled Stats. 1916, sec. 8872.)

Our state legislature by H. B. 192, Sess. Laws 1909, p. 38, approved the action of the board of regents in establishing and maintaining a college of agriculture in accordance with the foregoing acts of Congress.

It is apparent that the fund in question cannot properly be placed in the general fund of the state of Idaho. (*Yale College v. Sanger,* 62 Fed. 177.) The exclusive supervision of the fund is vested by the act of Congress in the trustees of the institution designated by the state legislature as the beneficiary entitled to receive the fund. (*State Board of Agriculture v. Auditor General,* 180 Mich. 349, 147 N. W. 529.) Under the acts of Congress, the state treasurer, to whom the fund is transmitted by the Secretary of the treasury, has, with reference to this fund, a mere clerical or ministerial duty to perform, that is, to pay over the fund immediately to the treasurer of the board of trustees, in this case the board of regents, upon their order. The acts of the defendants, state treasurer and state auditor, in this instance, of placing this fund in the general fund by making appropriate entries upon their books to that end were mere nullities. (*Blaine County v. Fuld, ante,* p. 358, 171 Pac. 1138.) Under the acts of Congress in question the state auditor has no duty whatever to perform with respect to this fund and no authority over it. It is therefore apparent that the de-

fendant, state treasurer, has but one duty to perform in the premises, and that is to pay over the sum in controversy immediately to the plaintiff, as treasurer of the board of regents. The writ of mandate should issue directing him to do so, and it is so ordered. No costs awarded.

Morgan and Rice, JJ., concur.