(No. 4648. July 16, 1927.)

NATIONAL BANK OF THE REPUBLIC, a Corporation, Appellant, v. E. W. PORTER, Commissioner of Finance of the State of Idaho, Respondent.

[258 Pac. 544.]

BANKS AND BANKING—CLASSIFICATION OF CLAIM AGAINST INSOLVENT BANK—CLAIMANT MUST TRACE PROCEEDS—SHOWING PAYMENT OF DRAFTS TO COLLECTING BANK HELD INSUFFICIENT — CLAIM NOT CLASSIFIED AS DEBT.

1. That claim against insolvent bank, being liquidated by the commissioner of finance, for collection by it of drafts sent to it for collection, may be classified as a debt due by it as trustee, claimant must trace the proceeds of the payment of the drafts into the hands of the commissioner, or, if they were so commingled with the property of the bank as to render tracing or identification thereof impossible, must show that they augmented, or bettered, the estate coming into the possession of the commissioner.

2. Merely showing that drafts sent to a bank for collection were paid to it, without showing that they were paid in cash, rather than by check on it, is insufficient to trace the proceeds of the payment into the hands of its liquidator, or to show that

they augmented, or bettered, the estate coming into his possession, so as to allow the claim against it on account of the collection to be classified as a debt due by it as trustee.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Classification of claim against insolvent bank under Sess. Laws 1921, c. 42, sec. 13, by Commissioner of Finance. From judgment affirming classification under subdivision 4, plaintiff appeals. *Affirmed.*

Walters & Parry and J. R. Keenan, for Appellant.

The proceeds of a collection constitute a trust fund in the hands of the collecting bank. (*Goodyear Tire & Rubber Co. v. Hanover State Bank,* 109 Kan. 772, 21 A. L. R. 677, 204 Pac. 992; *American Can Co. v. Williams,* 176 Fed. 816; *Holder v. Western German Bank,* 136 Fed. 90, 68 C. C. A. 554; *Ryan v. Paine,* 66 Miss. 678, 6 So. 320; *Kansas State Bank v. First State Bank,* 62 Kan. 788, 64 Pac. 634; *Hutchinson v. National Bank,* 145 Ala. 196, 41 So. 143; *National Life Ins. Co. v. Mather,* 118 Ill. App. 491.)

The proceeds of a collection constitute a trust fund in the hands of the collecting bank when instructions are to collect and remit in definite exchange or remit by draft.

Insolvency of the collecting bank coupled with violation of instructions to it will render proceeds of a collection a trust fund in the hands of such bank. (*First National Bank v. Dennis,* 20 N. M. 96, 146 Pac. 948.)

Publisher's Note.

1. Trust in proceeds of collection made by insolvent bank, see note in 34 L. R. A. 532. See, also, 3 R. C. L. 638.

See Banks and Banking, 7 C. J., sec. 301, p. 625, n. 76; sec. 548, p. 751, n. 79, p. 752, n. 81, 82.

Trusts, 39 Cyc., p. 532, n. 89.

An agent parting with title to a fund in a way not authorized commits a conversion of such fund. (*Comley v. Dazian,* 114 N. Y. 161, 21 N. E. 135.)

A trust fund is traced into the hands of a receiver of an insolvent bank when it is shown that the estate of the insolvent has been augmented by the trust fund and such augmented estate passed into the hands of the receiver. (*Martin v. Smith,* 33 Ida. 692, 197 Pac. 823.)

Insolvency of a bank known to its officers terminates the bank's agency for collection. (7 C. J. 625.)

Stephan & North, for Respondent.

Where one bank collects money for another bank the relationship of principal and agent exists until the collection is made, and when the collection is made that relationship is immediately changed to one of debtor and creditor. (Sess. Laws 1921, chap. 42, par. 13; Morse on Banks and Banking, sec. 248; 3 R. C. L. 636; 24 A. L. R. 1152 (notes at bottom of page); 7 C. J. 616; *First National Bank of Richmond v. Davis,* 114 N. C. 343, 41 Am. St. 795, 19 S. E. 280; *Billingsley v. Pollock,* 69 Miss. 759, 30 Am. St. 585, 13 So. 828; *Merchants & Farmers' Bank v. Austin,* 48 Fed. 25.)

Where a bank receives drafts from another bank for collection, together with instructions to "remit in exchange only," the collecting bank may mingle the money with its own funds and such money is not impressed with trust characteristics. (*Akin v. Jones,* 93 Tenn. 353, 42 Am. St. 921, 27 S. W. 669, 25 L. R. A. 523; 3 R. C. L. 633; 86 Am. St. 790, note (6).)

The right of a creditor to pursue and reclaim funds in the hands of the Commissioner of Finance in charge of an insolvent bank must rest upon his right of property in said funds. (*Lusk Development & Imp. Co. v. Günther,* 32 Wyo. 294, 232 Pac. 518; *Bacon v. State Bank of Kamiah,* 41 Ida. 518, 240 Pac. 194; *People v. California Safe Deposit & Trust Co.,* 23 Cal. App. 199, 137 Pac. 1111, 1115; *Cox v. St. Anthony Bank & Trust Co.,* 41 Ida. 776, 242 Pac. 785;

*Fralick v. Coeur d'Alene Bank & Trust Co.*, 36 Ida. 108, 210 Pac. 586.)

Protest fees incurred after a bank has closed its doors and passed into the hands of the Commissioner of Finance because of insolvency are not allowable. (C. S., sec. 5985; Sess. Laws 1921, chap. 42, sec. 3; Sess. Laws 1921, chap. 42.)

VARIAN, Commissioner.—Appellant, doing business at Salt Lake City, Utah, filed three claims with respondent against the Citizens State Bank, of Buhl, each of which was classified under Sess. Laws 1921, chap. 42, sec. 13, subd. 4, as a "contractual" liability to be paid after debts due to depositors. Appeal as to each claim was taken to the district court, and the Commissioner's classification there affirmed, from which judgment claimant appeals to this court. All three appeals were heard together upon a stipulation of facts from which it appears:

That the Citizens State Bank, of Buhl, was engaged in the general banking business up to December 2, 1921, when it went into the hands of respondent for liquidation; that on or about November 23, 1921, appellant transmitted to said bank, at Buhl, Idaho, a draft for $1,399.22, drawn by Ford Motor Company, upon the Daley Auto Company, of Buhl; on or about November 10, 1921, appellant transmitted to said bank a draft for $31.10, drawn by the Ford Motor Company, upon the Whitby Garage, of Buhl; and on or about the —— day of November, 1921, appellant transmitted to said bank a draft for $35.39, drawn by Ford Motor Company, upon Daley Auto Company, of Buhl; that each of said drafts was accompanied by bills of lading, etc., and instructions that the drafts were "for collection and immediate remittance in Salt Lake exchange only"; that at said times appellant had no account with said bank, and each of said drafts was transmitted for the sole purpose of collection and remittance to appellant "under the usual and ordinary customs of banking business"; that the Citizens State Bank, of Buhl, presented each of said drafts to the drawees named

therein and each was "immediately paid"; that the proceeds of the $1,399.22 draft were remitted to appellant by draft drawn upon the First National Bank of Twin Falls, and the other two by cashier's check of said collecting bank; that said draft and cashier's checks were promptly forwarded by appellant for collection, but were never paid because the Citizens State Bank had failed before they could be presented for payment.

It was stipulated that during all the times between November 1, 1921, and December 2, 1921, the cash on hand in said bank exceeded the sum of $8,000.

[1] In construing this act of the legislature, this court has laid down the rule that, in order to impose a trust upon the property of a defunct bank in the hands of its receiver, where the rights of others are involved, the person seeking to establish the trust must trace the fund, or the property into which it has been converted, into the hands of the receiver. And where the fund has been so commingled with the property of the defunct bank as to render its tracing or identification impossible, he must show that the fund, in some tangible way, augmented, or bettered, the estate coming into the possession of the receiver before he can impress a trust upon any portion of said estate. (*United States National Bank v. Standrod & Co.,* 42 Ida. 711, 248 Pac. 16; *Cox v. St. Anthony Bank & Trust Co.,* 41 Ida. 776, 242 Pac. 785. See, also, *Bellevue State Bank v. Coffin,* 22 Ida. 210, 125 Pac. 816.)

The burden of tracing the trust fund into the hands of respondent was on the *cestui que trust,* appellant. (39 Cyc. 532; *Lusk D. & I. Co. v. Günther,* 32 Wyo. 294, 232 Pac. 518.) If, by reason of its having been commingled with the assets of the bank, the fund could not be traced, the burden was still on appellant to show that fund had augmented or increased the assets of the Citizens State Bank of Buhl, coming into respondent's possession.

In a recent opinion, written by Commissioner Johnson, this court held that where a draft received for collection is paid by the drawee with a check drawn upon the collecting

bank, which becomes insolvent before draft transmitting the proceeds of said collection is presented for payment, such payment by check does not augment the assets of the insolvent bank. (*In re Citizens State Bank of Gooding, ante,* p. 33, 255 Pac. 300.)

[2] The mode of payment of the drafts in the instant case does not appear from the stipulated facts. It cannot be determined from the record that these drafts were paid in cash, from which, in connection with the other facts and circumstances, it might be inferred that the assets in respondent's hands had been augmented. We are of the opinion that appellant has failed to trace the proceeds of the payment of the several drafts in question into the hands of respondent, or to show that said proceeds augmented or bettered the estate coming into respondent's possession.

In view of the conclusions reached, it is not deemed necessary to discuss questions involving the effect of insolvency of the Citizens State Bank, of Buhl, at the time it received the drafts for collection, or to discuss the effect of appellant's instruction to said bank to remit in Salt Lake exchange only.

We recommend that judgment be affirmed.

Brinck and McNaughton, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed.

Costs to respondent.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.