INDEPENDENT SCHOOL DISTRICT No. 22, OF WASHINGTON COUNTY, IDAHO, a Municipal Corporation, Appellant, v. THE WEISER NATIONAL BANK, a Corporation, JOHN H. SMITH, Receiver of the WEISER NATIONAL BANK, J. E. INGALLS, ED. R. COULTER, R. U. BRADSHAW, R. U. SPAULDING, and P. E. ROBERTS, Respondents.

[263 Pac. 997.]

DEPOSIT OF PUBLIC FUNDS—DEPOSITORY BOND—DEPOSITS COVERED—JUDGMENTS MUST BE IN CONFORMITY TO PLEADINGS AND PROOF.

1. Depository bond, drafted in accordance with provisions of law (Laws 1921, chap. 256, sec. 17), *held,* in view of sections 2, 28, 34, and Laws 1921, chap. 215, sec. 55, to cover time deposits of school district outstanding at time of execution of depository bond, moneys transferred from checking account in bank to time deposits in savings account while bond was in force, and time certificate issued when bond was in force in renewal of prior time certificate.

2. Failure to make finding of fact and to award plaintiff judgment for certain item was not error, where complaint contained no allegation as to such item, and there was no request for plaintiff to amend complaint so as to include it.

APPEAL from the District Court of the Seventh Judicial District, for Washington County.   Hon. Ed. L. Bryan, Judge.

Action to recover on depository bond.   Judgment against defendant Bank and Receiver for full amount of deposits; and against sureties for amount of general deposits and bond accounts.   Plaintiff appeals from that portion of judgment denying recovery against sureties for amounts of time deposits and savings account.   *Reversed and remanded, with directions.*

Publisher's Note.
   See Depositories, 18 C. J., sec. 60, p. 587, n. 86.
   Judgments, 33 C. J., sec. 92, p. 1151, n. 19.

James A. Stinson and J. W. Galloway, for Appellant.

The Public Depository Act was intended to protect the funds of all political subdivisions of the state of Idaho, having taxing powers. (1921 Sess. Laws, chap. 256, sec. 4.)

Before designating a bank a depository, the supervising board of the depositing unit shall require it to deposit securities or give bonds. (1921 Sess. Laws, chap. 256, sec. 11.)

All deposits in public depositories shall be subject to payment on his check, when demanded by the treasurer. (1921 Sess. Laws, chap. 256, sec. 28.)

No part of the moneys of a school district in the hands of the treasurer thereof and by him deposited subject to his check in a bank which has complied with the provisions of the depository law, can thereafter be legally withdrawn and redeposited in the same bank on time deposit. (*Blaine County v. Fuld,* 31 Ida. 358, 171 Pac. 1138; *City of Pocatello v. Fargo,* 41 Ida. 432, 242 Pac. 297.)

A time deposit in a bank, equally with a general deposit, is a true deposit, and is neither a loan of money to the bank, nor an investment in the securities of the bank. (*City of Pocatello v. Fargo, supra; National Surety Co. v. McCormick,* 268 Fed. 185; *McCormick v. Hopkins,* 287 Ill. 66, 122 N. E. 151.)

A deposit of money by the treasurer of a school district as a time deposit in a bank which has not qualified as a depository of such district under the depository law of the state, immediately upon such bank becoming a depository and giving the required bond, comes within the protection of such bond. (*Blaine County v. Fuld, supra; City of Pocatello v. Fargo, supra.*)

George Donart and Ed. R. Coulter, for Respondent Sureties.

It is the duty of the treasurer of all municipalities to deposit the money of said municipalities in banks desig-

nated by such municipalities as depositories. (1921 Sess. Laws, chap. 215, sec. 35, chap. 256, secs. 24 and 27.)

A depository bond given to secure deposits as provided by 1921 Sess. Laws, chap. 256, protects only such deposits as are placed on general deposit subject at all times to the check or order of the treasurer of the depositing unit. (1921 Sess. Laws, chap. 256; *City of Pocatello v. Fargo*, 41 Ida. 432, 242 Pac. 297.)

Scatterday & Stone, for Respondent Bank and Receiver, file no brief.

BABCOCK, Commissioner.—This action was commenced on July 30, 1924, by the appellant, Independent School District No. 22, of Washington county, hereinafter referred to as the District, to recover of the respondents, Weiser National Bank, hereinafter referred to as the Bank, as principal, and J. E. Ingalls, Ed. R. Coulter, R. U. Bradshaw, R. U. Spaulding and P. E. Roberts, as sureties, certain sums of money deposited in the Bank, the repayment of which it is claimed was assured to the District under the terms of a certain depository bond, executed by the respondents. The bond bears date February 16, 1923, and the respondent sureties were at that time, and thereafter, directors and officers of the Bank. On June 21, 1924, the Bank suspended business and closed its doors, and respondent, John H. Smith, was appointed receiver thereof, at which time there was on deposit with the Bank to the credit of the District the sum of $12,136.32, in the following accounts and forms of deposit:

| | |
|---|---:|
| Time deposits | $8,333.33 |
| Bond account | 76.00 |
| Savings account | 2,067.92 |
| General deposit | 1,659.07 |

The history of the time deposits and the savings account is as follows: At the time of the execution of the depository bond and for some time prior thereto, the District had maintained a deposit in the Bank of $4,000, kept there

without a depository bond, evidenced by a time certificate of deposit issued October 16, 1922, and procured by a check of the treasurer of the District on the funds of the District in another bank, which funds were at no time in respondent Bank subject to check. On December 17, 1923, and subsequent to the making and delivery of the depository bond, this certificate of deposit was surrendered to the Bank and canceled, and in lieu thereof a certificate of deposit was issued to the District for $4,233.33, representing the face of the original certificate and $233.33 accrued interest thereon. As to the $4,100 time deposit, on February 26, 1923, the treasurer of the District drew his check on respondent Bank payable to the order of the Bank and accepted from the Bank therefor a time certificate of deposit for the sum of $2,000. Thereafter, on February 24, 1924, he surrendered this certificate to the Bank for cancelation, and at the same time issued to the Bank his check on the Bank for the sum of $2,000, and the Bank issued the District a time certificate of deposit for $4,100, representing the face and interest of the certificate surrendered, and the amount of said check. As to the savings account, subsequent to the making and delivery of the depository bond, a check for $2,000 was drawn by the treasurer on the checking account of the District at the Bank and transferred to a savings account with the Bank.

In addition to the above facts, it appears from the record that prior to the making and delivery of the depository bond, the officers of the Bank and of the District were in consultation, and it was disclosed to the Bank officials that the District was bonded for building purposes in the sum of $12,000, and it was concluded that on January 1, 1926, there would be on deposit in the Bank, as a sinking fund to retire the bonds, the sum of $12,000, and in addition thereto, from $3,000 to $6,000 in current funds, and it was decided between these two sets of officers that a depository bond was necessary in the penal sum of $20,000 to protect the District's deposits. It also appears that the board of directors of the District authorized the transfer of money

from the general deposit account to the sinking fund account. The board of directors never at any time authorized the deposit of the funds of the District in the Bank on time certificates of deposit, but the matter of the depositing and handling of the funds of the District was determined by Mr. Stuart, treasurer of the District, without direction from the board of trustees of the District, and the moneys evidenced by the time certificates of deposit were so deposited at the request of the officials of the Bank, but Stuart reported to the board of trustees of the District that he had deposited the moneys in the Bank on time deposit.

The complaint in the action sets up substantially the foregoing facts. It also alleges that on July 16, 1924, and before bringing the action, demand was made by the District upon the receiver of the Bank for the amount of such deposits and accounts, and payment thereof was refused. The answer of the respondent sureties admits liability on the bond account of $76, and on the checking account of $1,659.07, but denies liability under the bond as to the time deposits and savings account; and also alleges that the liability of these said respondent sureties under the terms of the bond is limited to the amount set opposite their respective names in the bond, as follows:

J. E. Ingalls .............................$5,000
Ed. R. Coulter .......................... 5,000
R. U. Bradshaw ........................10,000
R. U. Spaulding ........................ 3,000
P. E. Roberts .......................... 5,000

The action was tried to the court. Before appellant rested its case, it applied to the court for an order permitting it to amend the complaint in the action to conform to the facts, particularly to embrace an allegation that certain moneys proved to have been on deposit were so deposited without a depository bond as required by law, and to amend the prayer of the complaint to the effect that the court find as to what, if any, portion of said funds were so deposited without security, and that the District be awarded

judgment against the Bank and the receiver as a preferred creditor to the extent of said deposit without security. The court left this motion undetermined. Findings of fact and conclusions of law were made and judgment entered in conformity therewith, by which the appellant recovered judgment against the respondent Bank and receiver for the full amount of the deposits, including the time deposits and savings account, and interest thereon, and against the sureties for the amount of the general deposits and bond accounts with interest thereon.

This appeal is taken by the District from that portion of the judgment which denies the District recovery against the sureties for the amounts of the time deposits and savings account.

[1] Appellant makes nine specifications of error. Specifications one to five, inclusive, are of like character and raise for determination three questions: (1) Did the time deposit represented by certificate for $4,000 and outstanding at the time of the execution and delivery of the depository bond at once come within the protection of the bond? (2) Are the respondent sureties liable on their bond for the repayment to the District of moneys transferred from the checking account in the Bank to time deposit and savings accounts, during the time the bond was in force? (3) Is the time certificate for $4,233.33, issued when the bond was in force in renewal of the time certificate for $4,000, within the protection of the bond?

The bond on which this action was brought was drafted in accordance with the provisions of 1921 Sess. Laws, chap. 256, sec. 17, p. 562, known as the Public Depository Law, and is, in part, as follows:

"Whereas, the said principal, the Weiser National Bank, of Weiser, Idaho, has applied to Independent School District, Number Twenty-Two, Washington County, Idaho, to be designated as a depository and to receive on deposit funds in the treasury of Independent School District, Number Twenty-Two, to be deposited in said bank, the amount whereof shall be subject to withdrawal or diminution by

said treasurer as the requirements of the Independent School District, Number Twenty-Two, shall demand, and which amount may be increased or decreased as the said treasurer may determine, and,

"Whereas, the said bank in consideration of said deposit and for the privilege of keeping the same, has agreed to pay the Independent School District, Number Twenty-Two, interest on such sum at a rate of not less than two per cent per annum on the amount of said deposit, the same to be credited and paid quarterly upon the daily average of such amount as the said bank shall have on deposit for the quarter, or any fraction thereof, next preceding the crediting or payment of said interest, which interest shall be credited to the account of said Independent School District, Number Twenty-Two, and shall become thenceforth a part of such deposit.

"Now, therefore, if said Weiser National Bank, of Weiser, shall at the beginning of each and every month render to the chairman and clerk of Independent School District, Number Twenty-Two, a statement showing the daily balance of the moneys of said Independent School District, Number Twenty-Two, held by it during the month next preceding, and the interest thereon, subject to at all times the check and order of the chairman and clerk aforesaid, and shall pay over the same, and any part thereof, upon the check or written demand of the chairman and clerk or their successors in office, as shall be by them demanded, and shall credit and pay said interest as aforesaid, and shall in all respects, save and keep the Independent School District, Number Twenty-Two, and the Treasurer thereof, harmless and indemnified for and by reason of the making of said deposit, or deposits, then this obligation shall be void and of no effect, otherwise to be and to remain in full force and virtue."

This court held, in *County of Blaine v. Fuld,* 31 Ida. 358, 171 Pac. 1138, that money properly in the control of the county treasurer in a depository bank according to law must be held to be placed on general deposit in accordance

with the provisions of the depository law, and no effect can be given to an unlawful attempt on the part of the county treasurer to take such funds out of the protection of the depository law and place them on deposit in the same bank without the security of the depository bond.

See, also, the case of *City of Pocatello v. Fargo,* 41 Ida. 432, 242 Pac. 297, which, however, differs from the case at bar in that there was express authority from the city council to make time deposits, and also the acts of the depositing unit were not controlled by the depository law governing in this case.

1921 Sess. Laws, chap. 215, sec. 55, p. 457, provides that money raised by taxation for school districts must be by the treasurer of the district deposited in banks such as are named in and in the manner prescribed by the State Depository Law. Section 2 of the Public Depository Law, *supra,* declares that it is designed to safeguard and protect the funds of all political subdivisions, and all municipal and *quasi*-municipal corporations of the state, having power to levy taxes and assessments. It was such funds which the Bank applied to have deposited and for which the bond in question was given. Section 28 of said depository law provides that all deposits in public depositories shall be subject to payment when demanded by the treasurer on his check. Section 34 of said depository law provides that the depositing of the funds of any depositing unit by the treasurer in any manner contrary to law shall constitute a felony.

The preamble of the bond recites that the Bank has applied to the District to be designated as a depository and to receive on deposit funds of the District to be deposited in the Bank, the amount whereof was to be subject to withdrawal or diminution as the requirement of the District should demand. It was manifestly the intention of the Bank and sureties, who were officers of the Bank, to secure to the district the repayment of all money placed on deposit with the Bank by the District. We are of the opinion that the several deposits in the Bank must be held to have been under the protection of the depository bond; and

45 Idaho—36

conclude that the questions presented by assignments of error one to five, inclusive, should be answered in the affirmative, and that the court erred in its findings of fact and conclusions of law to the effect that the time deposits and savings account in question were not within the provisions of the depository bond.

[2]   The sixth assignment of error is that the court erred in failing to make a finding of fact that respondent sureties were liable for the sum of $300.75, being the amount withdrawn from appellant's checking account and forwarded in the form of the Bank's draft in payment of interest, which draft was dishonored; and also in failing to award appellant judgment for that amount against respondent sureties.

While the record discloses the above transaction, the complaint contained no allegation as to this item, and there was no request on the part of the appellant to amend the complaint so as to include it. The court did not err in this respect.

Assignments seven, eight, nine specify as error the refusal of the court to permit appellant to amend its complaint to embrace the allegation that certain money on deposit with the Bank was so on deposit without a depository bond covering the same; and also, the refusal of the court to permit appellant to amend the prayer for judgment for said deposit as a preferred creditor of the Bank; and the failure of the court to make a finding as to such fact and to enter judgment therefor as a preferred claim against the Bank.

It follows from the conclusions heretofore reached that there was no money on deposit in the Bank not protected by the depository bond, and that the court, therefore, did not err in this respect.

We recommend that that portion of the judgment appealed from be reversed, and the cause be remanded to the trial court, with directions to enter judgment in accordance with the views herein expressed. Costs to appellant.

Adair and Hartson, CC., concur.

The foregoing is approved as the opinion of the court, and that portion of the judgment appealed from is reversed, and the cause is remanded to the trial court, with directions to enter judgment in accordance with the views herein expressed.   Costs to appellant.

Budge, Givens and Taylor, JJ., concur.

WM. E. LEE, C. J., and T. BAILEY LEE, J., Concurring in Part and Dissenting in Part.—We concur in holding that the liability of the sureties was not affected by changing moneys on general deposit to "time deposits" and "savings accounts," as was done in this case.   Such is the rule of *Blaine County v. Fuld,* 31 Ida. 358, 171 Pac. 1138.   We dissent, however, from that portion of the opinion which holds that the four thousand dollars placed on time deposit on October 16, 1922, long prior to the time the bond was given, was within the protection of the bond. The sureties were not liable for moneys deposited before the bond was executed.   The bond covered moneys "to be deposited" after it became effective.