(No. 4971.  March 29, 1928.)

J. A. PETERSON, Respondent, v. E. W. PORTER, Commissioner of Finance of the State of Idaho, Appellant.

[266 Pac. 429.]

Stephan & North, for Appellant.

S. T. Lowe, for Respondent.

HARTSON, Commissioner. — Respondent filed claim against the Commercial State Bank, an insolvent bank of Burley, Idaho, under Sess. Laws 1921, chap. 42, sec. 13, subd. 2, as a trust fund. The commissioner of finance classified the claim as a contractual liability under subd. 4. The claimant appealed to the district court, where the classi-

fication made by the commissioner was reversed and the claim classified as a trust fund. From this judgment the commissioner has appealed.

The record discloses, in substance, that on the afternoon of December 5, 1921, after banking hours, and after the bank's cash had been locked up, the respondent, who was not a depositor of the bank, received from the Burley Highway District its warrant payable to him, in the sum of $450. Respondent, being anxious to secure the cash, the secretary of the highway district, by way of assistance, telephoned the bank, where it had an account, and asked if the bank would cash the warrant. The cashier agreed to do so if respondent would come immediately to the bank This he did, presenting the warrant, and telling the cashier he wanted the cash or its equivalent. The cashier sought to induce claimant to deposit the money, but he refused saying he desired the money to take to the First National Bank at Rupert. Then the cashier, of his own motion, delivered to him a cashier's check, which respondent accepted, believing it to be the equivalent of money. Before the check cleared, after deposit the following day in the Rupert bank, the bank at Burley closed. The latter bank, on the day following its receipt of the warrant, received from the highway district its treasurer's check on the Commercial State Bank, in exchange for the warrant, which was canceled paid. The check of the highway district was in turn charged against its account at the bank, and marked paid on that day.

The claimant alleged (a) that there was a deposit for a special purpose, namely, to be transferred to the bank at Rupert, and (b) that the money was obtained by fraud and misrepresentation as to the equivalency of the cashier's check to money, resulting in a trust relation. The evidence does not bear the construction, and the trial court did not find, that there was a special deposit. But the court did find, in effect, that there was a fraud by the bank, and that it thereafter held the fund as trustee *ex maleficio.*

Respondent alleged that the bank falsely and fraudulently represented that the cashier's check was as good as money, the equivalent of money, that it was the best and safest way for the bank to transfer the funds to the First National Bank of Rupert, that all that was necessary was for respondent to present the check to the bank at Rupert, and he would receive the money, all of which representations were known to be false and untrue when made, and were relied upon by respondent. But the findings go no further than that respondent went to the bank expecting to receive the cash, that he reiterated his desire upon arriving at the bank, that with knowledge that respondent would not make a deposit and that he wanted the cash to take to Rupert, the cashier delivered the bank's own cashier's check, which respondent accepted because he considered it as the equivalent of money, he being unacquainted with banks and banking business.

If we concede that these circumstances,—either of themselves, or on the theory that the issuing of the cashier's check was, in effect, a representation that the bank was solvent, and would be able to meet the demand on timely presentation,—constituted false representations, nevertheless there is absent the element of scienter. The facts found do not establish bad faith on the part of the cashier. Respondent attempted to show that the bank was insolvent, and known by its officers to be insolvent, when the transaction took place, but the evidence did not preponderate, and the court made no finding on this question..

The trial court did not find, and the evidence in the record will not permit us to find, that the cashier took the respondent's money for a cashier's check which he knew to be worthless, or which he had no assurance would be honored when presented for payment. (3 R. C. L., p. 557, sec. 184; *Whitcomb v. Carpenter,* 134 Iowa, 227, 111 N. W. 825, 10 L. R. A., N. S., 928; *Widman v. Kellog,* 22 N. D. 396, 133 N. W. 1020, 39 L. R. A., N. S., 563; 7 C. J. 751.)

We recommend that the judgment be reversed and the cause remanded, with directions to the trial court to enter

judgment classifying the claim as a contractual liability. Costs to appellant.

Babcock and Adair, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is reversed and the cause remanded for the entry of judgment as indicated.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.

Budge, J., dissents.

T. Bailey Lee, J., disqualified.