(No. 6107. June 26, 1934.)

SANO UYEDA, Respondent, v. BEN DIEFENDORF, Commissioner of Finance, Appellant.

[34 Pac. (2d) 65.]

B. W. Davis, for Appellant.

F. M. Bistline for Respondent.

MORGAN, J.—Citizens Bank & Trust Company, hereinafter called the bank, was, September 4, 1930, appointed administrator of the estate of Waichiro Uyeda, deceased, and thereupon qualified and assumed its duties as such. During administration funds of the estate were placed and kept in the bank in a checking account in its name as administrator and remained therein until September 23, 1931, when it failed and its affairs were taken over by appellant. A claim was filed with appellant on behalf of respondent for $272.68,

so held, seeking to have it placed in class 2, and paid pursuant to I. C. A., sec. 25–915, subd. 2. Appellant allowed the claim in said sum, but gave it a class 3 priority pursuant to sec. 25–915, subd. 3, and respondent appealed to the district court from the order making such classification. Trial in that court resulted in judgment reversing the order, and directing that the claim be classified pursuant to sec. 25–915, subd. 2. This appeal is from the judgment.

Sec. 25–915 provides:

''The order of payment of the debts of a bank liquidated by the commissioner shall be as follows:

''1. The expense of liquidation, including compensation of agents, employees and attorneys.

''2. All funds held by the bank in trust.

''3. Debts due depositors, . . . . ''

Appellant states the main questions before the court to be:

''First, was the deposit in the Citizens Bank and Trust Company deposited to its own account as administrator, a trust fund; and second, if a trust fund, has the fund been traced in accordance with the rule adopted by the Idaho Supreme Court?''

In *Pacific States etc. Co. v. Commercial State Bank*, 46 Ida. 481, 486, 269 Pac. 86, 87, 59 A. L. R. 443, it is said:

''The essential characteristics of a trust are the separation of the legal from the beneficial interest and the existence of a fiduciary relationship.''

In *Schneeberger v. Frazer*, 36 Ida. 737, 747, 213 Pac. 568, 571, this court said:

''The relation existing between an executor or an administrator and the heirs of a deceased person, . . . . constitutes a trust of the most sacred character, . . . . '' (See, also, *In re Fleshman's Estate*, 51 Ida. 312, 319, 5 Pac. (2d) 727, 729; 24 C. J. 48.)

The money received by the bank as administrator of the estate of Uyeda was held by it in trust. I. C. A., sec. 25–1503, is as follows:

''Funds received or held in the trust department of a bank or trust company awaiting investment or distribution may be deposited in the commercial part of the bank or trust com-

pany to the credit of the trust department, provided that the bank first delivers to the trust department, as collateral security, United States Bonds, or other readily marketable securities owned by the bank or trust company, which collateral security shall at all times be at least equal in market value to the amount of the funds so deposited.''

The condition prescribed by that section for the deposit by a bank, of funds in its commercial department, received in trust by it, is the giving of collateral security. In this case no security was given and the attempted deposit was unauthorized and unlawful.

 If a bank receives money for a specific purpose other than general deposit and knowingly intermingles it with its own funds as if on general deposit in violation of law and of the duty it owes to the one from whom it was received, the relation of banker and depositor is not thereby created and the money so received is held by it in trust. (*Russell v. Bank of Nampa*, 31 Ida. 59, 169 Pac. 180; *County of Blaine v. Fuld,* 31 Ida. 358, 171 Pac. 1138; *Ivie v. W. G. Jenkins & Co.,* 53 Ida. 643, 26 Pac. (2d) 794.)

██ Nothing is to be found in the language of sec. 25–915 making it necessary to trace trust funds into the possession of a receiver of a defunct bank, or into specific property in which it had been invested and which has come into the receiver's hands, in order that the claimant thereof may be given preference, in payment, over a depositor whose money has been placed in the bank on general deposit. However, recent decisions of this court undoubtedly justify the following statement in *United States Nat. Bank v. D. W. Standrod & Co.,* 42 Ida. 711, 248 Pac. 16:

''This court is committed to the rule that, in order for one claiming a trust fund to impress a trust on the property of a defunct bank where the rights of others are involved, he must show by tracing that the fund, or some property into which it may be traced, came into the hands of the bank, and remained in and a part of the assets which came into the hands of the receiver.'' (See, also, *Bellevue State Bank v. Coffin,* 22 Ida. 210, 125 Pac. 816; *Cox v. St. Anthony Bank & Trust Co.,* 41 Ida. 776, 242 Pac. 785; *National Bank of*

*the Republic v. Porter,* 44 Ida. 514, 258 Pac. 544.) Bearing on this subject, see *State v. Thum,* 6 Ida. 323, 55 Pac. 858; *First Nat. Bank v. C. Bunting & Co.,* 7 Ida. 27, 59 Pac. 929, 1106; *State v. Bruce,* 17 Ida. 1, 102 Pac. 831, 134 Am. St. 245, L. R. A. 1916C, 1.

The record shows the trust officer of the bank made its final account, as administrator, May 29, and it was filed in the probate court July 27, 1931. This account shows "Cash balance on hand $272.68"; that August 29, 1931, there was filed in the probate court a decree of settlement of final account and distribution which showed appellant, as administrator, had on hand, belonging to the estate, $272.68. The money was distributed to respondent, but remained in the bank in its name, as administrator, until it failed. Appellant produced at the trial, and there was introduced in evidence, a copy of the bank's ledger sheet showing the state of the account of the estate of Uyeda, deceased, with the bank from September 25, 1930, to July 3, 1931, inclusive, and it showed there was on deposit in the bank on the last named date to the credit of said estate $272.68. The record also shows $12,658.81 came into appellant's hands when he took charge of the affairs of the bank September 23, 1931.

This evidence was sufficient to place appellant on his defense and make it incumbent on him to show, if he could, that the money held in trust by the bank was not in its possession when he took charge of its affairs. In *Ivie v. W. G. Jenkins & Co.,* 53 Ida. 643, 26 Pac. (2d) 794, 796, we said:

"The bank being in possession of money which belonged to it, as well as money which belonged to appellant, will be presumed to have paid out its own money in meeting its obligations rather than that of appellant. *Skinner v. Porter,* 45 Ida. 530, 263 Pac. 993, 73 A. L. R. 59."

The judgment is affirmed. Costs are awarded to respondent.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.