(Nos. 6321–6322. January 11, 1937.)

INDEPENDENT SCHOOL DISTRICT NO. 1 OF BENE-
WAH COUNTY, IDAHO, Appellant, v. BEN DIEFEN-
DORF, Commissioner of Finance of the State of Idaho,
GEORGE WEDGEWOOD, Liquidating Agent of the
Lumbermens State Bank & Trust Company and LUM-
BERMENS STATE BANK & TRUST COMPANY, a
Corporation, Respondents.

[64 Pac. (2d) 393.]

Whitla & Knudson for Appellant.

Robert H. Elder for Respondents.

GIVENS, J.—December 31, 1932, appellant had on deposit in its sinking fund account with the Lumbermens State Bank & Trust Company, the sum of $2,293.58. Appellant owed the Department of Public Investments of the State of Idaho $2,375. Appellant took the sum of $3,000, advance taxes due it from Benewah county, and deposited the same in the bank in the following proportions: $333.34 in the sinking fund and $2,666.66 in its general fund, and gave its check to and drawn on the bank against the sinking fund in the sum of $2,375 for which it received a cashier's check payable to said Department of Public Investment of the State of Idaho. This check was sent to Mr. Diefendorf in payment of the indebtedness due the department. Before the cashier's check cleared, the bank failed as of January 3,.

1933. Appellant claims a preference on the theory that the entire amount of the cashier's check was a trust fund, contending that the bank was merely the agent, as to this transaction, to transfer the specific amount of money, and that as to the amount of the cashier's check the appellant was not a depositor.

Respondents, as liquidating agents of the failed bank, classified the entire $2,375 under subdivision 3 of section 35–915, I. C. A. The trial court allowed a preference for $333.34 on the theory that the bank funds were augmented to that amount and that that fund was left with the bank for the sole and only purpose of transmitting it to the Department of Public Investment.

The question of priority of payment of public funds in a failed bank was first considered in *State v. Thum,* 6 Ida. 323, 55 Pac. 858, wherein priority was given on the theory that the deposit of public funds of the state in a bank by the state treasurer was illegal because contrary to express statutory enactment (sec. 6975–6–7, Rev. Stats., now sec. 17–3201, I. C. A.). Thus, being in violation of law, was in effect a special deposit or trust fund and the state entitled to preference in the distribution of the assets of the bank in the liquidation thereof by the receiver. The same distinction was applied to county funds in *First Nat. Bank of Pocatello v. Bunting & Co.,* 7 Ida. 27, 59 Pac. 929, 1106, and it was held as to public funds that no tracing or identification was necessary in *State v. Bruce,* 17 Ida. 1, 102 Pac. 831, 134 Am. St. 245, L. R. A. 1916C, 1, and·that all property of failed banks was impressed with a lien for the payment of such preferred claim, now held limited in its application solely to public funds. (*Bellevue State Bank v. Coffin,* 22 Ida. 210, 125 Pac. 816; *Blackman v. Pettengill,* 25 Ida. 307, 137 Pac. 182; *Russell v. Bank of Nampa, Ltd.,* 31 Ida. 59, 169 Pac. 180; *Martin v. Smith,* 33 Ida. 692, 197 Pac. 823; *United States Nat. Bank v. Standrod & Co.,* 42 Ida. 711, 248 Pac. 16; *In re Citizens' State Bank,* 44 Ida. 33, 255 Pac. 300; *National Bank of the Republic v. Porter,* 44 Ida. 514, 258 Pac. 544; note, 5 L. R. A., N. S., 886.

In 1903, Session Laws 1903, page 375, a special act with regard to depositing public funds was passed and held un-

constitutional because of a defective title. (*Turner v. Coffin,* 9 Ida. 338, 74 Pac. 962.) In 1905, Session Laws 1905, p. 305, the legislature again passed an act with reference to the depositing of public funds in banks, but declaring no priorities as affecting public funds. In *Re Bank of Nampa, Ltd.,* 29 Ida. 166, 157 Pac. 1117, held that an irrigation district not being included in those agencies permitted or authorized by the 1905 act to deposit its funds in a bank did not come within the provisions of the act and that when such deposit was made it was illegal and became a trust fund entitled to priority of payment.

*County of Blaine v. Fuld,* 31 Ida. 358, 171 Pac. 1138, held that neither public officials nor bank officers could by bookkeeping take public funds lawfully deposited from under the protection of such security because to do so would be to countenance an illegal transaction.

*Fidelity State Bank v. North Fork Highway Dist.,* 35 Ida. 797, 209 Pac. 449, 31 A. L. R. 781, held the depository act of 1921, Session Laws 1921, Chapter 42, page 53, unconstitutional as to funds placed in a bank by a highway district prior to its effective date, because giving the act effect would impair the obligation of the asserted only legal contract that could exist, namely, special deposit if there was no security in compliance with the depository act, and hence a trust arose resulting in a preference. And *Independent S. Dist., Class A, No. 1, v. Porter,* 39 Ida. 340, 228 Pac. 253, held to the same effect because there was no novation after the date of the act. All transactions involved herein transpired subsequent to section 25–915, I. C. A., becoming effective.

Other decisions by this court involving private funds urged as trust funds being entitled to preference, and questions of necessity of tracing and augmentation are not considered because not in point or controlling.[1]

By sections 55–101 to 55–143, I. C. A., school districts may lawfully deposit their funds in a bank on general deposit

---

[1]*Stuart v. Hauser,* 9 Ida. 53 at 84, 72 Pac. 719; *Crab v. Citizens' State Bank,* 22 Ida. 408, 126 Pac. 520; *City of Pocatello v. Fargo,* 41 Ida. 432, 242 Pac. 297; *Skinner v. Porter,* 45 Ida. 530, 263 Pac. 993; *Prewett v. First Nat. Bank of Hagerman,* 45 Ida. 451, 262 Pac. 1057; *Fralick v. Coeur d'Alene B. & T. Co.,* 36 Ida. 108, 210 Pac. 586;

when properly secured. There was no security at all for appellant's sinking fund account herein.

Section 25–915, subdivision 3, *supra,* specifying the procedure of liquidating failed banks provides as follows:

"3. Debts due depositors, holders of cashier's checks, certified checks, drafts on correspondent banks, including protest fees, paid by them on valid checks or drafts presented after closing of the bank, *prorata.* All deposit balances of other banks or trust companies and all deposits of public funds of every kind and character (except those actually placed on special deposit under the statutes providing therefor) including those of the United States, the state of Idaho, and every county, district, municipality, political subdivision or public corporation of this state, whether secured or unsecured, or whether deposited in violation of law or otherwise, are included within the terms of this subdivision and take the same priority as debts due any other depositor; anything in the statutes of the state of Idaho to the contrary notwithstanding. Provided, however, that this section shall not apply to any deposit made by this state or any county thereof, city, town or district of this state prior to the twenty-eighth day of February, 1921."

*White v. Pioneer Bank & Trust Co.,* 50 Ida. 589, 298 Pac. 933, held subdivision 3 of section 25–915, I. C. A., *supra,* unconstitutional as applied to county funds illegally deposited because otherwise the act would violate section 4 of article 8 and section 4 of article 12 of the state constitution; i. e., to allow subdivision 3 of section 25–915 to operate on public funds deposited without security and give no preference would in effect be the loaning of the credit of the county. Appellant contends this case applies to school funds and thus a preference should be allowed.

*Bannock County v. Citizens B. & T. Co.,* 53 Ida. 159, 22 Pac. (2d) 674, after an exhaustive review of cases touching

---

*Peterson v. Porter,* 46 Ida. 43, 266 Pac. 429; *Ivie v. Jenkins & Co.,* 53 Ida. 643, 26 Pac. (2d) 794; *Uyeda v. Diefendorf,* 54 Ida. 614, 34 Pac. (2d) 65; *Maryland Casualty Co. v. Rainwater,* 173 Ark. 103, 291 S. W. 1003; 51 A. L. R. 1332; notes, 51 A. L. R. 1336; 65 A. L. R. 690; *Poweshiek County v. Merchants Nat Bank of Grinnell,* 209 Iowa, 467, 228 N. W. 32, 82 A. L. R. 39; note, 82 A. L. R. 46.

upon the point, holds that deposits made where there is security are not loans. Appellant has pointed out no distinction between security or lack of security to make the deposit, in the one instance not a loan and in the other a loan. Being construed a loan was the only basis of unconstitutionality in *White v. Pioneer Bank & Trust Co., supra:*

"If this statutory provision for the classification and order of payment of public funds on deposit in a bank which is closed and its affairs taken in charge by the department of finance is constitutional, the deposit here involved cannot be deemed a trust fund, and the commissioner of finance would be blameless for adhering to the plain terms of the statute in classifying the claim for payment under subd. 3 of sec. 77 of the Bank Act."

*Bannock County v. Citizens B. & T. Co., supra,* holds such a transaction is not a loan, hence that is not now a basis for negativing the applicability of subdivision 3, section 25–915, *supra.*

Is there any other? Some authorities have given priority to public funds on the policy of the Crown's prerogative. (*Bignell v. Cummins,* 69 Mont. 294, 222 Pac. 797, 36 A. L. R. 634; notes, 36 A. L. R. 640; 52 A. L. R. 755; 90 A. L. R. 208; *County Court v. Mathews,* 99 W. Va. 483, 129 S. E. 399, 52 A. L. R. 751; *People v. Farmers' State Bank,* 335 Ill. 617, 167 N. E. 804, 65 A. L. R. 1327; notes, 65 A. L. R. 1331; 90 A. L. R. 184.) Such prerogative, if considered, would come to us by I. C. A., section 70–116, thus by statute, how of any higher dignity or authority than I. C. A., sec. 25–915, *supra,* which expressly states it makes no difference if the funds are lawfully or unlawfully deposited, they do not constitute a trust fund? Hence whether we consider that the cashier's check was held by Commissioner Diefendorf at the time the bank closed its doors, or whether we consider that appellant is now the owner and holder of the check by subrogation from the commissioner, or whether the amount of the cashier's check be considered as public funds in the bank in the nature of a deposit or otherwise, preference is denied by the statute, and therefore *White v. Pioneer Bank & Trust Co., supra,* must now be considered as overruled. (*State v. First State Bank,* 122 Neb. 502, 240 N. W. 747, 79 A. L. R. 576;

note, 79 A. L. R. 582; *Witt v. People's State Bank*, 166 S. C. 1, 164 S. E. 306, 83 A. L. R. 1068; note, 83 A. L. R. 1080 (supplemental to this note, *Twin Falls Bank & Trust Co. v. Pringle*, 55 Ida. 451, 43 Pac. (2d) 515; *Ghingher v. Pearson*, 165 Md. 273, 168 Atl. 105; *In re Liquidation of State Bank of Binghamton*, 152 Misc. 579, 274 N. Y. Supp. 41; *Hadlock v. Callister*, 85 Utah, 510, 39 Pac. (2d) 1082; *In re Riverton State Bank*, 48 Wyo. 372, 49 Pac. (2d) 637, modifying opinion in 47 Wyo. 469, 38 Pac. (2d) 603); *Lawson v. Baker*, (Tex. Civ. App.) 220 S. W. 260 at 270; *Lawson v. Charter*, 112 W. Va. 108, 163 S. E. 813; *Fry v. Equitable Trust Co.*, 264 Mich. 165, 249 N. W. 619, 90 A. L. R. 175.)

With reference to appellant's contention that the bank was acting only as agent in the transmittal of the funds, there is nothing in the record to show that the transaction differed in any way from the ordinary one when a person deposits money in the bank for general purposes or for purposes of getting a cashier's check. *Bannock County v. Citizens B. & T. Co., supra,* in effect upholds the statute as making no distinction between public or private money, and the holding that the statute is constitutional necessarily holds that the legislature had the right to enact the statute.

Appellant's claim for the amount of the cashier's check was therefore properly classified under subdivision 3 of section 25–915, *supra.*

The case is therefore remanded to the district court with instructions to enter judgment in conformity herewith. Each party to pay his or its own costs.

Morgan, C. J., Holden and Ailshie, JJ., concur.

Budge, J., dissents.